**BUSTER'S, INC.**

v.

**UNITED STATES of America, Internal Revenue Service.**

**No. LR–C–85–103.**

United States District Court,
E.D. Arkansas, W.D.

May 31, 1985.

Charles Darwin Davidson, Davidson Law Firm, Ltd., Little Rock, Ark., for Buster's Inc.

George Proctor, U.S. Atty. by Paul M. Predmore, Atty., Tax Div., Dept. of Justice, Washington, D.C., for the U.S.

## ORDER

ROY, District Judge.

Pending before the Court is the motion of the defendant to dismiss this action for lack of subject matter jurisdiction. Plaintiff has filed this action seeking a refund of overpayment taxes during certain stated periods. Plaintiff alleges that the IRS has attempted to assess Buster's, Inc. with liability for certain quarters in the past several years for employment taxes, and Buster's Inc. asserts that it is owed a refund of overpayment of taxes during certain periods.

The defendant states that this court lacks subject matter jurisdiction over plaintiff's claim and gives two reasons therefor: 1) plaintiff has failed to allege the necessary jurisdictional grounds for an action in district court; and 2) plaintiff has failed to plead facts sufficient to effect a waiver of the defendant's sovereign immunity.

As indicated by the defendant, nowhere in the complaint has plaintiff alleged any jurisdictional source for this action. Nor has plaintiff alleged any of the jurisdictional prerequisites to a refund action.

 26 U.S.C. § 7422(a) provides:

No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

Plaintiff does not allege that any such claim for refund was ever filed with the Secretary for any of the periods placed in dispute prior to the commencement of any legal action. It is clear that a filing of a timely administrative claim for refund is a prerequisite to the bringing of a tax refund suit. *Zernial v. United States,* 714 F.2d 431 (5th Cir.1983); *Bruno v. United States,* 547 F.2d 71 (8th Cir.1976). Since the requirement is jurisdictional it cannot be waived. *Shanker v. United States,* 571 F.2d 8 (8th Cir.1978). Since the plaintiff does not allege that a claim for refund was filed, this Court has no choice but to hold that it lacks subject matter jurisdiction.

The defendant also states that the district court does not acquire jurisdiction over a refund action until the taxpayer has made full payment of the disputed amount, and that nowhere has plaintiff alleged the taxes for each period in dispute have been paid. This point was the only substantive issue addressed by the plaintiff in his response to the motion to dismiss. Plaintiff contends that if an assessment involves separate taxable units such as divisible withholding taxes, the entire tax need not be paid. Even if the Court were to agree with the plaintiff on this issue,[1] the complaint would nevertheless reveal a jurisdictional defect because no claim for refund has been asserted.

 With respect to the sovereign immunity issue, it is well established that the United States as a sovereign, is immune from suit, except where Congress by specific statute has waived its immunity.[2] *Affiliated Ute Citizens of Utah v. United States,* 406 U.S. 128, 141, 92 S.Ct. 1456, 1466, 31 L.Ed.2d 741 (1972), reaffirming, *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941), and describing the "long-established principle" that the United States may not be sued without its consent. In granting its consent to be sued, the United States may attach such conditions as it deems proper, and in order to institute suit against the United States there must be strict compliance with all of those conditions. *United States v. Sherwood, supra; Bear Valley*

---

1. The Court finds that there is no need to resolve this particular issue since the holding below disposes of the case entirely.

2. The plaintiff, in its response to the motion to dismiss, asks the Court to substitute the United States as a defendant.

*Mutual Water Co. v. Riddell,* 493 F.2d 948, 950 (9th Cir.1974). Such waiver of sovereign immunity is to be strictly construed. *United States v. Michel,* 282 U.S. 656, 660, 51 S.Ct. 284, 285, 75 L.Ed. 598 (1931).

 To effect a waiver of sovereign immunity in a refund suit, the taxpayer must comply with Code Section 7422(a), (filing of a refund claim) and Code Section 6532(a) (period of limitations of refund suits). Because the plaintiff has failed to allege any of the above jurisdictional requirements, the sovereign immunity of the United States has not been waived.

Based upon the foregoing, the Court hereby dismisses this action.