James A. MURRAY, Justin L. Murray and Joan M. Murray

v.

The UNITED STATES.

No. 541–85T.

United States Claims Court.

Sept. 11, 1986.

James A. Murray, Pueblo, Colo., pro se.

David C. Hickman, with whom were Asst. Attys. Gen. Roger M. Olsen, Mildred L. Seidman and Gerald B. Leedom, Washington, D.C., for defendant.

### ORDER ON DEFENDANT'S MOTION TO DISMISS

WHITE, Senior Judge.

This case, brought by plaintiffs James A. Murray, Justin L. Murray, and Joan M. Murray, is before the court on the defendant's motion to dismiss the complaint for failure to state a claim on which relief can be granted, filed April 14, 1986, on the

plaintiffs' opposition to the motion, filed May 12, 1986, on the defendant's reply, filed June 4, 1986, and on oral arguments presented to the court on behalf of the parties.

In considering the defendant's motion to dismiss, the facts alleged in the complaint will be regarded as true and correct. The next part of this order summarizes the facts as alleged in the complaint.

### The Facts

On December 20, 1978, a corporation known as Fireside, Inc. (Fireside), granted to the plaintiffs a second mortgage on a parcel of land located in Cass County, North Dakota, and on which Fireside operated a bar and lounge. The mortgage was executed by the President of Fireside and was duly recorded the same day with the Cass County Register of Deeds.

As of December 20, 1978, when the plaintiffs received the second mortgage previously mentioned, the property was already subject to a first mortgage held by the Casselton State Bank, and also to tax liens filed by the Internal Revenue Service (IRS).

In the spring of 1979, the IRS seized the Fireside property for nonpayment of taxes; and, on June 8, 1979, the IRS opened bids for the sale of the property. At the sale, the United States was the highest bidder, and purchased the property for $301.84.

On August 13 and September 9 of 1979, the plaintiffs sent letters to the IRS, enclosing with each letter a check for $320 and asking to redeem the Fireside property pursuant to 26 U.S.C. § 6337. The IRS refused to permit the plaintiffs to redeem the property on each occasion, and returned the plaintiffs' check to them.

On March 5, 1980, the United States conveyed the Fireside property to the Casselton State Bank, holder of the first mortgage, for $301.84.

### Previous Court Proceedings

After the events mentioned in the preceding part of this order, plaintiff James A. Murray brought an action in the United States District Court for the District of North Dakota, seeking to quiet title to the Fireside property or for the recovery of damages. That case was dismissed by the District Court on the ground of sovereign immunity and the lack of subject matter jurisdiction (520 F.Supp. 1207 (D.N.D. 1981), aff'd, 686 F.2d 1320 (8th Cir.1982), cert denied, 459 U.S. 1147, 103 S.Ct. 788, 74 L.Ed.2d 994 (1983)).

Plaintiffs Joan M. Murray and Justin Murray filed a second suit in the United States District Court for the District of North Dakota, seeking damages or a writ of mandamus compelling the United States to convey the Fireside property to them. This suit was dismissed on the ground of sovereign immunity and lack of subject matter jurisdiction as to the damages claim, and, as to the request for a writ of mandamus, dismissed on the ground of the discretionary nature of the IRS' action (585 F.Supp. 543 (D.N.D.1984), aff'd, 751 F.2d 271 (8th Cir.1984)).

### The Complaint

The plaintiffs filed their complaint in this court on September 17, 1985.

The plaintiffs seek in the complaint to recover $70,000. The complaint seems to advance the following two alternative theories of recovery:

(1) The actions by the IRS in refusing to permit the plaintiffs to redeem the Fireside property and in conveying such property to the Casselton State Bank violated both 26 U.S.C. § 6337 and the due process clause of the Fifth Amendment, and thereby prevented the plaintiffs from acquiring, at a price of $301.84, the Fireside property, which had a value at the time of $165,000 and was subject to a first mortgage in the amount of $95,000, held by the Casselton State Bank.

(2) The actions by the IRS, as mentioned in the preceding subparagraph (1), amounted to a taking of the plaintiffs' property for public use without just compensation, in violation of the Fifth Amendment.

## The "Taking" Claim

At the oral argument, plaintiff James A. Murray, speaking for all the plaintiffs, indicated that they were basing their claim primarily on the "taking" clause of the Fifth Amendment.

■ The so-called "taking" clause of the Fifth Amendment prohibits the Federal Government from taking private property for public use "without just compensation." In this connection, it is well established by court decisions that if and when the Federal Government takes private property for public use, it is the *owner*—and only the owner—of such property at the time of the taking that is entitled to receive the required compensation. *United States v. Dow*, 357 U.S. 17, 20–21, 78 S.Ct. 1039, 1043–44, 2 L.Ed.2d 1109 (1958); *Cooper v. United States*, 8 Cl.Ct. 253, 254–55 (1985); *Shanghai Power Co. v. United States*, 4 Cl.Ct. 237, 239–40 (1983), *aff'd*, 765 F.2d 159 (Fed.Cir.1985), *cert. denied*, —— U.S. ——, 106 S.Ct. 279, 88 L.Ed.2d 243 (1985).

■ In the present case, the only property that was "taken" (*i.e.*, acquired) by the Government was the Fireside property, which the Government seized in the spring of 1979 for nonpayment of taxes, purchased on June 8, 1979, at the tax sale, and then conveyed to the Casselton State Bank, holder of the first mortgage, on March 5, 1980. The facts, as alleged by the plaintiffs, plainly show that the plaintiffs did not own the Fireside property at any of the times just mentioned—or, indeed, at any other time.

As the holder of a second mortgage on the Fireside property, the plaintiffs, at most, held only a lien on the mortgaged property. *See Aure v. Mackoff*, 93 N.W.2d 807, 811 (N.D.1958). Moreover, their lien was inferior to that of the Casselton State Bank, as the holder of the first mortgage on the Fireside property, and to that of the United States, as the holder of tax liens on such property. The plaintiffs' inferior lien on the Fireside property did not carry with it any share in the legal title to the property. Accordingly, any taking by the Government of the Fireside property did not entitle the plaintiffs to share in the just compensation payable by the Government to the owner or owners of the property.

The plaintiffs argue that, in addition to taking their interest in the Fireside property, the Government also took their lien on the property.

It is plain from the plaintiffs' factual allegations that the Government did not *take* (*i.e.*, acquire) the plaintiffs' second mortgage. Rather, what the Government actually did (according to the plaintiffs' allegations) was to *prevent* the plaintiffs from exercising their lien and thereby *acquiring* the Fireside property through the process of redemption under 26 U.S.C. § 6337.

It necessarily follows that the plaintiffs' "taking" claim under the Fifth Amendment must be denied.

## The Claim Under 26 U.S.C. § 6337

■ Accepting as correct, for the purpose of disposing of the pending motion to dismiss, the plaintiffs' contention that the Government violated 26 U.S.C. § 6337 when it refused to permit the plaintiffs to redeem the Fireside property, it does not necessarily follow that the plaintiffs are entitled to recover money damages from the Government because of the violation of the statute. Although the Congress has granted to this court "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress * * *" (28 U.S.C. § 1491(a)(1) (1982)), this jurisdiction does not extend to every claim involving or invoking a federal statute. *Eastport Steamship Corp. v. United States*, 178 Ct.Cl. 599, 605, 372 F.2d 1002, 1007 (1967). Instead, our jurisdiction to award money damages against the Government on the basis of a violation of a federal statute depends upon whether the particular statute "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." *Eastport Steamship Corp. v. United States, supra,* 178 Ct.Cl. at 607, 372 F.2d at 1009; *accord,*

*United States v. Testan,* 424 U.S. 392, 400, 96 S.Ct. 948, 954, 47 L.Ed.2d 114 (1976).

 A careful reading· of 26 U.S.C. § 6337 does not reveal any language which can fairly be interpreted as mandating compensation by the Government to any person who may sustain damages as the result of a violation of such person's right of redemption granted by the section.

Accordingly, the plaintiffs' claim under section 6337 must be denied.

### The "Due Process" Claim

The Fifth Amendment to the Constitution provides in part that "[n]o person shall be * * * deprived of * * * property, without due process of law * * *."

 However, as the due process clause does not contain any language which, either expressly or by clear implication, mandates the payment by the Federal Government of money damages to a person who may have sustained loss as a result of a violation of the clause, our jurisdiction over claims based upon the Constitution does not extend to claims based upon alleged violations of the due process clause. *Langenegger v. United States,* 5 Cl.Ct. 229, 236 (1984), *aff'd in part, vacated on other grounds in part,* 756 F.2d 1565 (Fed.Cir. 1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 78, 88 L.Ed.2d 64 (1985); *Prevado Village Partnership v. United States,* 3 Cl.Ct. 219, 228 (1983); *Grundy v. United States,* 2 Cl.Ct. 596, 598 (1983).

Accordingly, the plaintiffs' claim based upon the alleged violation of the due process clause must be denied.

### Conclusion

For the reasons previously stated in this order, the court concludes that the plaintiffs have not stated a claim on which relief can be granted, and, therefore, that the complaint must be dismissed.

The clerk will dismiss the complaint. No costs.

IT IS SO ORDERED.