*1582
 
 BISSELL, Circuit Judge.
 

 James A. Murray, Justin L. Murray, and Joan M. Murray (collectively Murray) appeal from the judgment of the United States Claims Court, 10 Cl.Ct. 696 (1986), dismissing their complaint for failure to state a claim upon which relief can be granted. We vacate and remand.
 

 BACKGROUND
 

 The Murrays were joint holders of a second mortgage on a parcel of land located in Cass County, North Dakota. In 1979, the Internal Revenue Service (IRS) foreclosed tax liens on the property. After notifying the Murrays, and the first mortgagee, Casselton State Bank, of the foreclosure sale, IRS sold the property on June 8, 1979. The United States was the highest bidder and purchased the property for $301.84.
 

 Pursuant to section 6337(b)(1) of the Internal Revenue Code,
 
 **
 
 the Murrays attempted to redeem the property on August 13, and again on September 9, 1979. On both occasions the IRS refused to permit the Murrays to redeem the property. The reason for the IRS’ refusal to allow the redemption was that the Murray mortgage was allegedly executed by an individual shareholder of the corporation that owned the property and was given to the Murrays to secure a personal debt of the shareholder. The first mortgagee apparently did not attempt to redeem the property, but instead purchased it from the United States on March 5, 1980, for $301.84.
 

 The Murrays were unable to obtain relief in federal district court. Two suits by the various plaintiffs in this case were dismissed based on sovereign immunity and lack of subject matter jurisdiction.
 
 Murray v. United States,
 
 585 F.Supp. 543 (N.D.N.D.1984),
 
 aff'd,
 
 751 F.2d 271 (8th Cir.1984);
 
 Murray v. United States,
 
 520 F.Supp. 1207 (N.D.N.D.1981),
 
 aff'd,
 
 686 F.2d 1320 (8th Cir.1982),
 
 cert. denied,
 
 459 U.S. 1147, 103 S.Ct. 788, 74 L.Ed.2d 994 (1983).
 

 The Murrays advanced three theories of recovery before the Claims Court. They claimed that the IRS’ refusal to allow them to redeem the mortgaged property violated 26 U.S.C. § 6337 by depriving them of their property rights, deprived them of property rights without due process of law in violation of the Fifth Amendment, and constituted a taking of their property rights without just compensation also in violation of the Fifth Amendment. The court reasoned that it lacked jurisdiction under 28 U.S.C. § 1491 (a)(1)(1982) to consider the claims based on 26 U.S.C. § 6337 and the Fifth Amendment due process clause. The court also reasoned that the Murrays had not alleged the elements of a Fifth Amendment taking claim. The court then dismissed the complaint for failure to state a claim upon which relief could be granted.
 

 ISSUES
 

 1. Did the Claims Court err by holding that it lacked jurisdiction over the Murrays’ claims that the United States violated 26 U.S.C. § 6337 and the due process clause of the Fifth Amendment by refusing to allow the Murrays to redeem the mortgaged property?
 

 2. Did the Claims Court err by holding that the Murrays’ complaint failed to state a claim that their property had been taken for public use without just compensation in violation of the Fifth Amendment?
 

 OPINION
 

 The Claims Court’s jurisdiction encompasses claims against the United States “founded either upon the Constitution, or any act of Congress.” 28 U.S.C. § 1491(a)(1). The courts have consistently held, however, that the Claims Court’s jurisdiction is limited to such cases where the Constitution or a federal statute requires the payment of money damages as compen
 
 *1583
 
 sation for the violation.
 
 United States v. Mitchell,
 
 463 U.S. 206, 218, 103 S.Ct. 2961, 2968-69, 77 L.Ed.2d 580 (1983);
 
 United States v. Testan,
 
 424 U.S. 392, 401-02, 96 S.Ct. 948, 954-55, 47 L.Ed.2d 114 (1976). In determining whether the Claims Court has jurisdiction over the claims advanced by the Murrays, we must first consider whether the statutes or constitutional provisions allegedly violated, require the payment of money damages for the violation.
 

 After reviewing 26 U.S.C. § 6337, we must agree with the Claims Court that there is no language in the statute requiring compensation by the government to a person who is not allowed to redeem property pursuant to the statute. The Murrays claim that they are entitled to money damages to compensate them for deprivation of their property without due process of law must fail for the same reason. Although the Fifth Amendment’s due process clause provides that no person shall be deprived of property without due process of law, no language in the clause itself requires the payment of money damages for its violation.
 
 Inupiat Community of the Arctic Slope v. United States,
 
 230 Ct.Cl. 647, 680 F.2d 122, 132 (Ct.Cl.),
 
 cert. denied,
 
 459 U.S. 969, 103 S.Ct. 299, 74 L.Ed.2d 281 (1982). The Claims Court does have jurisdiction over the Murrays’ claim that their property was taken without just compensation because the “just compensation” required by the Fifth Amendment has long been recognized to confer upon property owners whose property has been taken for public use the right to recover money damages from the government.
 

 Although the Claims Court has jurisdiction over a taking claim, the more difficult question is whether the Murrays have stated such a claim in this case. The Murrays argue that the property at issue is not only an ownership interest in the real estate, but also their interest in the mortgage. As to the real estate, the Claims Court correctly reasoned that only one possessing an ownership interest in the real property at the time of the taking is entitled to receive the required compensation.
 
 United States v. Dow,
 
 357 U.S. 17, 20-21, 78 S.Ct. 1039, 1043-44, 2 L.Ed.2d 1109 (1958). Because the Murrays had not foreclosed their mortgage prior to the time of the tax sale, they did not have the ownership interest required to claim compensation for the taking of the real estate itself. The Claims Court also reasoned that the United States did not take the Murrays’ mortgage interest because the government did not acquire their interest. We disagree.
 

 A plaintiff seeking to recover under the taking clause must demonstrate that the government took his property and either failed to compensate him justly or failed to put the property to public use. The nature of a mortgagee’s interest is determined by state law. Under the law of North Dakota, a mortgagee possesses a lien on the subject property. The lien is a separate contract right distinct from the title to the real estate itself.
 
 Aure v. Mackoff
 
 93 N.W.2d 807, 811 (N.D.1958). A mortgagee’s lien is a property interest within the meaning of the Fifth Amendment.
 
 Louisville Joint Stock Land Bank v. Radford,
 
 295 U.S. 555, 602, 55 S.Ct. 854, 869, 79 L.Ed. 1593 (1935);
 
 see Armstrong v. United States,
 
 364 U.S. 40, 48, 80 S.Ct. 1563, 1568-69, 4 L.Ed.2d 1554 (1960) (materialmen’s liens constitute property within the meaning of the Fifth Amendment);
 
 Dames & Moore v. Regan,
 
 453 U.S. 654, 689-90, 101 S.Ct. 2972, 2991-92, 69 L.Ed.2d 918 (1981) (attachment liens considered property within the meaning of the Fifth Amendment taking clause).
 

 The Murrays contend that because their mortgage was “destroyed” when the IRS refused to allow them to redeem the property, it was taken by the government. The Supreme Court has held that: “[t]he total destruction by the Government of all value of [materialmen’s] liens, which constitute compensable property, has every possible element of a Fifth Amendment ‘taking’ and is not a mere ‘consequential incidence’ of a valid regulatory measure.”
 
 Armstrong,
 
 364 U.S. at 48, 80 S.Ct. at 1568-69. We see no difference, for Fifth Amendment purposes, between the Murrays’ mortgage lien and the materialmen’s
 
 *1584
 
 liens at issue in
 
 Armstrong.
 
 The IRS, by failing to allow the Murrays to redeem the mortgaged property, has extinguished their lien just as surely as the government extinguished the materialmens’ liens in
 
 Armstrong.
 
 We also note that the Murrays have received no compensation, directly or indirectly, in satisfaction of their mortgage. Thus, we must conclude that the Murrays have stated all of the required elements of a taking claim. We, therefore, vacate the judgment of the Claims Court and remand with instructions to proceed with adjudication of the taking claim and to dismiss the remaining claims for lack of jurisdiction.
 

 VACATED AND REMANDED.
 

 **
 

 26 U.S.C. § 6337(b)(1) (1976) provides:
 

 The owners of any real property sold as provided in section 6335, their heirs, executors, or administrators, or any person having interest therein, or a lien thereon,' or any person in their behalf, shall be permitted to redeem the property sold, or any particular tract of such property, at any time within 120 days after the sale thereof.