Jose R. **CASTILLO MORALES**, et al., Plaintiffs,

v.

The **UNITED STATES**, Defendant.

No. 438–89T.

United States Claims Court.

Feb. 1, 1990.

amount recommended herein for future living expenses.

Jose R. Castillo Morales, Aguadilla, Puerto Rico, for plaintiffs, and pro se.

Donna K. Feinberg, Washington, D.C., with whom was Asst. Atty. Gen. Shirley D. Peterson, for defendant.

## ORDER

MOODY R. TIDWELL, III, Judge:

This case is now before the court on defendant's motion to dismiss for lack of subject matter jurisdiction.[1] Consideration of this motion requires the court to accept plaintiffs' allegations as true, and draw all reasonable inferences in plaintiffs' favor. *Mortensen v. First Fed. Sav. and Loan Ass'n,* 549 F.2d 884, 891 (3d Cir.1977). The court is mindful that plaintiffs are represented *pro se.* The court will, therefore, indulge plaintiffs in all fair and reasonable characterizations of the allegations in their complaint.

## FACTS

The complaint, with its attached exhibits, presents a somewhat incomplete description of the events giving rise to plaintiffs' asserted damages. It does, however, reveal a less than amicable exchange between plaintiffs and agents of the Internal Revenue Service (IRS) in connection with the seizure and sale of plaintiffs' business assets in satisfaction of plaintiffs' tax liability. A detailed review of the facts in this case, as alleged by plaintiffs, is necessary for a discussion of this court's jurisdiction over the claim (or claims) alleged in the complaint.

In late 1987, the plaintiffs wrote two letters to the IRS disputing the tax liability assessed against the Country Collection Agency (CCA) and expressing concern over the threatened embargo of CCA's bank account. Plaintiffs also complained of the sharp practices of some of the IRS agents in the IRS's Mayaguez office.

In response, the IRS reasserted CCA's tax liability, and in March 1988 informed plaintiffs that it had obtained a writ of entry. Plaintiffs renewed their objection to the assessment. In a March 13, 1988 letter to the IRS, plaintiffs claimed to have can-

1. The court notes that plaintiffs have included a motion for default judgment in their Answer in Opposition to Defendant's Motion to Dismiss. The basis for this motion is defendant's failure to file an answer within sixty days of the date plaintiffs' complaint was filed. As provided in RUSCC 12(a), the sixty day time limit for filing a responsive pleading is tolled by the filing of a motion, such as defendant's motion to dismiss. As defendant's motion to dismiss was filed before the expiration of the sixty day limit, plaintiffs' motion for default judgment is groundless and is therefore denied.

celled checks that proved they had satisfied CCA's tax liability. Fearing the embargo of CCA's bank account, plaintiffs filed a motion to stay the embargo in the United States District Court for the District of Puerto Rico on April 21, 1988. In that motion, plaintiff, Mr. Morales, alleged that neither he nor CCA owed any money to the IRS.

On April 27, 1988, the IRS caused to be seized from CCA certain assets initially valued at $600.00. After sale of these assets, the IRS notified plaintiffs of a remaining tax liability. The IRS also proposed to assess a 100% penalty against Mr. Morales, as the person responsible for paying CCA taxes.

As a consequence of the seizure of its assets, CCA was forced to file for bankruptcy protection under chapter 7 of the bankruptcy laws. Plaintiffs have alleged additional personal and professional losses. The complaint prays for $10 million in compensatory damages plus $10 million in punitive damages.

## DISCUSSION

Congress has defined this court's jurisdiction in the Tucker Act, 28 U.S.C. § 1491 (1982). *Aetna Casualty & Surety Co. v. United States*, 228 Ct.Cl. 146, 655 F.2d 1047, 1051 (1981). The Act provides that claims against the United States are within the jurisdiction of the Claims Court if they are "founded upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (1982). Nothing in this provision, however, creates a substantive right of recovery against the United States. Rather, it may provide the Claims Court with jurisdiction only when such rights exist independently. *United States v. Testan*, 424 U.S. 392, 398, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976); *United States v. Connolly*, 716 F.2d 882, 885 (Fed.Cir.1983) (*en banc*), *cert. denied*, 465 U.S. 1065, 104 S.Ct. 1414, 79 L.Ed.2d 740 (1984). A claimant must, therefore, look beyond the Tucker Act to establish an express waiver of sovereign immunity with respect to his claim. *Connolly*, 716 F.2d at 885.

Plaintiffs' complaint does not clearly identify the theory or theories of liability on which it relies. Because plaintiffs are represented *pro se*, and because they are faced with a motion to dismiss, they are entitled to have the complaint construed as alleging all fairly and reasonably inferable claims. *See, e.g., Cutler v. Weinberger*, 516 F.2d 1282, 1286 (2d Cir.1975) (*Pro se* plaintiff in social security disability claim is entitled to particularly searching review of claim.) The court construes plaintiffs' complaint as potentially alleging: (1) a tort claim; (2) a fifth amendment due process claim; (3) a fifth amendment takings claim; and (4) a tax refund claim. The court will evaluate each of these seriatim.

### A. *Plaintiffs' Tort Claim*

■ Plaintiffs' complaint may fairly be characterized as stating a tort claim. Plaintiffs allege that the seizure of CCA assets resulted in considerable personal and professional damages which necessitated CCA's chapter 7 bankruptcy filing. Plaintiffs also allege that the IRS acted with "unnecessary speed and violence" in connection with the embargo of CCA's bank account. Finally, plaintiffs allege that the IRS unduly harassed them with notices of CCA's tax liability. The complaint itself does not allege that the IRS agents acted with any particular degree of fault, but plaintiffs' Answer in Opposition to the Motion to Dismiss asserts that the agents acted negligently.

This court does not have jurisdiction over plaintiffs' tort claim. To the extent that the complaint may be construed as one "sounding in tort," it is clearly outside of the jurisdiction given this court by Congress in the Tucker Act. 28 U.S.C. § 1491(a) (1982).[2] *See Eastport S.S. Corp.*

---

2. The court notes that plaintiffs may be stating a claim for civil damages for improper tax collection practices under 26 U.S.C. § 7433 (1982).

Jurisdiction for such a claim, however, lies in the federal district courts. Recovery under section 7433 is limited to $10,000 and represents

*v. United States,* 178 Ct.Cl. 599, 372 F.2d 1002, 1008 (1967); *Caravella v. United States,* 9 Cl.Ct. 280, 285 (1985), *aff'd,* 795 F.2d 1016 (Fed.Cir.1986).

## B. Plaintiffs' Fifth Amendment Due Process Claim

■ Plaintiffs' complaint may fairly be characterized as stating a fifth amendment due process claim. Plaintiffs allege that the IRS provided insufficient notice of its intent to embargo CCA's bank account and seize and sell CCA's assets. Thus, plaintiffs allege, defendant has deprived him of property without due process of law.

This court does not have jurisdiction over plaintiffs' due process claim. Defendant relies on *Murray v. United States,* 817 F.2d 1580 (Fed.Cir.1987), *cert. denied,* —— U.S. ——, 109 S.Ct. 1318, 103 L.Ed.2d 587 (1989), in support of this proposition. The court in *Murray* dismissed a due process claim for lack of subject matter jurisdiction. *Id.* 109 S.Ct. at 1584. That court noted that "[t]he courts have consistently held ... that the Claims Court's jurisdiction is limited to such cases where the Constitution or a federal statute requires the payment of money damages as compensation for the violation." *Id.* at 1582–83. Because the fifth amendment due process clause does not require the payment of money damages as compensation for its violation, the Claims Court has no jurisdiction to adjudicate such violations. *Id.* at 1583.

## C. Plaintiffs' Fifth Amendment Takings Claim

Plaintiffs' complaint may fairly be characterized as stating a fifth amendment takings claim. Plaintiffs allege that the IRS illegally seized assets belonging to CCA without just compensation. The illegality of the seizure is predicated on plaintiffs' dispute of the underlying tax liability. As part of the takings claim, plaintiffs allege consequential damages including loss of business, personal damages, and the necessity of filing for bankruptcy protection.

This court lacks jurisdiction over plaintiffs' takings claim. It is well settled, and defendant does not challenge, that the Claims Court does have jurisdiction over takings claims. *E.g., Murray,* 817 F.2d at 1583. The case law makes clear, however, that where, as in this case, a taxpayer disputes an IRS levy on its property, the appropriate course of action is a direct challenge of the levy, not the prosecution of a fifth amendment claim. *See Bull v. United States,* 295 U.S. 247, 259–60, 55 S.Ct. 695, 699–700, 79 L.Ed. 1421 (1935); *United States v. Pittman,* 449 F.2d 623, 626 (7th Cir.1971). Section 6331 of the Internal Revenue Code, 26 U.S.C. § 6331 (1986), grants the IRS a statutory right to seize and sell the plaintiffs' property in satisfaction of CCA's tax liability. The constitutionality of the IRS's summary seizure of property was affirmed in *Phillips v. Commissioner,* 283 U.S. 589, 595, 51 S.Ct. 608, 611, 75 L.Ed. 1289 (1931).

## D. Plaintiffs' Tax Refund Claim

■ Plaintiffs' complaint may fairly be characterized as stating a claim for a tax refund.[3] Throughout the complaint, and attached exhibits, plaintiffs dispute the underlying tax liability assessed against CCA. To the extent that the IRS's seizure and sale of CCA assets was applied to this disputed tax liability, plaintiffs assert that they are entitled to a tax refund.

This court lacks jurisdiction over plaintiffs' tax refund claim. It is well settled that the Claims Court does have jurisdiction over taxpayer actions for tax refunds. *See* 28 U.S.C. §§ 1346(a)(1), 1491 (1982). There are, however, certain prerequisites to obtaining Claims Court jurisdiction over such actions. These prerequisites include, *inter alia,* the timely filing of a tax refund claim with the IRS. 26 U.S.C. § 7422(a)

the taxpayer's exclusive remedy for improper collection practices. The basis for such a claim is reckless or intentional violation of the law by Internal Revenue agents. The court notes that plaintiffs here, however, have alleged only negligence.

3. Alternatively, plaintiffs may be stating a tax deficiency claim, challenging CCA's unpaid tax liability. If so, jurisdiction would lie, if at all, in the United States Tax Court. 26 U.S.C. § 6213 (1986).

(1986). Plaintiffs have not alleged, and the facts do not reveal, that such a claim was filed prior to the initiation of this action. Failure to meet this requirement deprives the court of jurisdiction to hear plaintiffs' tax refund claim.[4] *See Zenial v. United States,* 714 F.2d 431, 434 (5th Cir.1983); *Buster's, Inc. v. United States,* 614 F.Supp. 132, 134 (E.D.Ark.1985).

## CONCLUSION

Although plaintiffs' complaint cannot fairly be characterized as alleging any claim or claims over which this court has jurisdiction, the dismissal of plaintiffs' complaint is without prejudice. Because plaintiffs may be stating a claim for a tax refund, they are free to refile that claim with this court at such time as all jurisdictional prerequisites have been met and pleaded. Such refiling shall occur within the next six months from the date of this Order or the case will be dismissed with prejudice. Defendant's motion to dismiss for lack of subject matter jurisdiction is therefore granted. The Clerk of the Court is directed to dismiss the complaint without prejudice accordingly. If plaintiffs have not refiled within six months of the date of this Order, the dismissal shall convert to one with prejudice for failure to prosecute the claim. No costs.

IT IS SO ORDERED.

---

**4.** Even if the complaint is construed to state a tax refund claim, it clearly alleges much more. The tax refund portion constitutes only the value of the property seized and applied to the disputed tax liability plus any other payments made.