101 F.3d 713
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Michael W. BLODGETT, Plaintiff-Appellant,
and
Audry Florence and Philip F. Florence, individually and on
behalf of the Empire Paper Company Pension Plan
and Trust, Plaintiffs,
and
Michael W. Blodgett, as trustee for the T.G. Morgan, Inc.,
Defined Benefit Pension Plan; Diane S. Blodgett,
individually and as beneficiary of the T.G. Morgan, Inc.,
Defined Benefit Pension Plan; Warren Hartje and Jean
Hartje, individually and for the Warren Hartje Sales Company
Employee Pension Plan and Trust; and Eleanor Carlson, Plaintiffs,
v.
The UNITED STATES, Defendant-Appellee.
 No. 96-5067.
 United States Court of Appeals, Federal Circuit.
 Oct. 22, 1996.
 
 Before MAYER, Circuit Judge, COWEN, Senior Circuit Judge, and PLAGER, Circuit Judge.
 ON MOTION
 PLAGER, Circuit Judge.
 
 ORDER
 
 1
 The United States moves for summary affirmance of the Court of Federal Claims' February 2, 1996 order dismissing Michael W. Blodgett's complaint in part for failure to state a claim upon which relief can be granted and in part for lack of jurisdiction.* Blodgett submits an opposition. We treat Blodgett's opposition as a motion for leave to file an untimely and overly long opposition.
 
 
 2
 Blodgett filed in the Court of Federal Claims a lengthy complaint composed of six counts. Blodgett alleged that (1) the Federal Trade Commission (FTC) had breached a contract with Blodgett; (2) the FTC had breached certain fiduciary obligations pursuant to the Employee Retirement Income Security Act of 1974 (ERISA) and Minnesota fiduciary and anti-fraud laws; (3) Blodgett had been deprived of his property without due process; (4) Blodgett's property had been the subject of an "unconstitutional taking"; (5) the FTC was liable for the acts of another party under the doctrine of respondeat superior; and (6) he retained "the right to assert other claims such as RICO, mail fraud, wire fraud, interstate transportation of stolen property...." The United States moved for summary judgment. On February 2, 1996, the Court of Federal Claims granted the motion, setting forth the basis for its ruling with regard to each count. Blodgett appealed to this court.
 
 
 3
 Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994). In the present case, it is clear that summary disposition is warranted. With respect to the first count, Blodgett alleged that the FTC had "breached a contract" by violating a final judgment entered upon consent by the United States District Court for the District of Minnesota. However, a decree entered upon consent is a judicial act and is not a contract. See United States v. Swift & Co., 286 U.S. 106, 115 (1932). Further, the district court explicitly retained jurisdiction over the final judgment, thus precluding the Court of Federal Claims from entertaining any claims arising therefrom. With respect to the second count, state courts of competent jurisdiction and district courts have concurrent jurisdiction over ERISA matters. 29 U.S.C. § 1132 (1994). The Court of Federal Claims lacks jurisdiction to hear such claims. Similarly, the Tucker Act does not provide a means by which the Court of Federal Claims may render judgment upon state law or tort claims. 28 U.S.C. § 1491(a)(1); see Buffalo Nat'l Bank v. United States, 26 Cl.Ct. 1436, 1443 (1992).
 
 
 4
 Because Blodgett's third count rests on an alleged violation of due process, it cannot encompass a claim for monetary relief and, as such, is not a "claim" that falls within the jurisdiction of the Court of Federal Claims. See United States v. King, 395 U.S. 1, 2-3 (1969) (jurisdiction of court has been limited to money claims against the federal government); Murray v. United States, 817 F.2d 1580, 1583 (Fed.Cir.1987) (language of due process clause does not require payment of monetary damages for its violation). Blodgett's fourth count fails because he does not allege a compensable property interest. Finally, the fifth and sixth count, which concern either alleged criminal violations or torts, are not within the subject matter jurisdiction of the Court of Federal Claims. We conclude that the Court of Federal Claims was clearly correct with respect to all counts and that its order should be summarily affirmed.
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The United States' motion for summary affirmance is granted.
 
 
 7
 (2) Blodgett's motion for leave to file an untimely and overly long opposition is granted.
 
 
 8
 (3) Each side shall bear its own costs.
 
 
 
 *
 The United States is reminded that a copy of the trial court's order should be attached to every motion for summary affirmance