Daniel S. GAHAGAN, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 05–1166L.

United States Court of Federal Claims.

June 30, 2006.

Daniel S. Gahagan, pro se, for the plaintiff.

Helenanne Listermann, Natural Resources Section, Environmental and Natural Resources Division, United States Department of Justice, Washington, D.C., with whom on the brief was Sue Ellen Wooldridge, Assistant Attorney General, Environmental and Natural Resources Division, for the defendant.

## OPINION

MARGOLIS, Senior Judge.

This takings and illegal exaction claim is before the court on defendant's motion to dismiss pursuant to Rules 12(b)(1) and 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC") for lack of subject matter jurisdiction, or in the alternative, for failure to state a claim upon which relief can be granted pursuant to RCFC 12(b)(6). After careful consideration of the parties' written and oral arguments, the court concludes that the plaintiff has not stated a claim for relief and that there is lack of jurisdiction in this court. Defendant's motion to dismiss is therefore GRANTED.

## FACTS

In ruling on this motion to dismiss, the court assumes all credible facts as alleged by plaintiff to be true.

On November 12, 1987, defendant, United States, initiated an *in rem* civil forfeiture action[1] in the United States District Court for the Eastern District of Michigan against certain real property owned by plaintiff, Daniel S. Gahagan, and other individuals located in the Township of Charlton, County of Ostego, State of Michigan. *See United States v. Real Property in Section 9, Town 29 North, Range 1 West Township of Carlton, Otsego County, Michigan, et. al.,* Case No. 87–CV–10338–BC. Of this property, plaintiff maintained exclusive ownership of the mineral rights to "Parcel E," defined as the SW 1/4 of the SW 1/4, of Section 9, T29N, R1W. Defendant initiated the *in rem* action following plaintiff's guilty plea to various federal drug crimes, alleging that Parcel E was purchased and improved with proceeds from the sale of controlled substances in violation of the Controlled Substances Act, Title 21 of the United States Code, and therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) and (7). Also on November 12, 1987, defendant filed a *lis pendens*[2] in Ostego County, Michigan, for all the property named in the *in rem* complaint, including Parcel E. The *lis pendens* was recorded on November 19, 1987. On January 20, 1988, the United States Marshals Service pursuant to a court order seized the property named in the *in rem* complaint, including Parcel E.

Shortly after defendant seized Parcel E, oil and gas reserves were discovered in the atrim shale formation under Parcel E and the surrounding land. While the *in rem* forfeiture action was pending, plaintiff sought permission from defendant to develop the oil and gas reserves on Parcel E under the condition that all proceeds would be placed in an escrow account pending the outcome of the forfeiture proceeding. Plaintiff was concerned that Parcel E's oil and gas reserves were being drained by surrounding wells and would be substantially depleted before the *in rem* forfeiture action was concluded. Defendant refused to grant plaintiff permission to develop Parcel E's oil and gas reserves.

---

1. An action *in rem* is "a proceeding that takes no cognizance of owner but determines right in specific property against all of the world, equally binding on everyone." BLACK'S LAW DICTIONARY 713 (5th ed.1979).

2. A *lis pendens* is a "notice filed on public records for the purpose of warning all persons that the title to certain property is in litigation, and that they are in danger of being bound by an adverse judgment." BLACK'S LAW DICTIONARY 840 (5th ed.1979).

On October 29, 1993, the district court dismissed the *in rem* forfeiture action against Parcel E for insufficient evidence to support its forfeiture. Defendant, however, did not remove the *lis pendens* from Parcel E on the basis that the district court's ruling did not constitute a final judgment under Rule 54(b) of the Federal Rules of Civil Procedure because the order did not resolve all the claims of all the parties involved in the *in rem* action. On October 19, 1995, plaintiff filed a motion to lift the *lis pendens* from Parcel E, which the district court denied on July 22, 1996. On September 30, 1998, the district court entered a final judgment in the *in rem* forfeiture action. On October 8, 1998, defendant filed a partial release of the *lis pendens* as to a portion of Parcel E, in addition to other parcels. This release, however, did not include Parcel E's mineral rights. On November 15, 1999, plaintiff filed a second motion to lift the *lis pendens* from Parcel E and included a claim seeking lost profits damages. On December 1, 1999, defendant filed a partial release of the *lis pendens* as to the remaining portion of Parcel E. On December 10, 1999, the district court dismissed plaintiff's motion seeking lost profits damages related to Parcel E for lack of subject matter jurisdiction because an appeal in the case was pending before the United States Court of Appeals for the Sixth Circuit.

## DISCUSSION

Plaintiff asserts that in the 12 years from the initiation of the *in rem* civil forfeiture action by defendant on November 12, 1987, to the lifting of the *lis pendens* on December 1, 1999, Parcel E's oil and gas reserves have been effectively drained by wells on surrounding property. On October 31, 2005, plaintiff filed a complaint in this court seeking damages for defendant's refusal to allow plaintiff to develop Parcel E's oil and gas reserves while the *in rem* forfeiture action was pending. Plaintiff bases its damages claim on three theories under the Fifth Amendment of the United States Constitution. The plaintiff asserts that defendant's actions constituted a taking of property without just compensation and an illegal exaction. Plaintiff also asserts that it is entitled to damages under a money-mandating provision

of the Fifth Amendment and/or an agency executive order. On January 6, 2006, defendant filed a motion to dismiss the complaint for lack of subject matter jurisdiction and, in the alternative, for failure to state a claim upon which relief can be granted. Defendant asserts that (1) plaintiff's takings claim and illegal exaction claims are barred by the statute of limitations set forth in 28 U.S.C. § 2501; and (2) plaintiff's claim for damages under a money-mandating provision of the Fifth Amendment is a due process claim outside the purview of this court's jurisdiction.

### I. Jurisdiction

The Fifth Amendment to the United States Constitution is recognized as specifically allowing money damages in two circumstances: (1) the taking of private property for public use; and (2) due process violations resulting in an illegal exaction.

### II. Takings Claim

In this case, plaintiff asserts that defendant's refusal to allow plaintiff to develop Parcel E's oil and gas reserves while the *in rem* forfeiture action was pending, and refusal to remove the *lis pendens* following the district court's October 29, 1993 ruling that Parcel E was not subject to forfeiture, resulted in the oil and gas reserves being drained by surrounding wells before the *lis pendens* was removed from the property. Plaintiff claims this action constituted a taking for which plaintiff is entitled to just compensation. In its motion to dismiss, defendant asserts that plaintiff's takings claim is barred by the six-year statute of limitations set forth in 28 U.S.C. § 2501. For the reasons set forth below, the court finds it unnecessary to resolve the issue of when plaintiff's takings claim accrued as plaintiff has not stated a takings claim over which this court may exercise jurisdiction.

The United States Court of Appeals for the Federal Circuit has ruled that the government's possession of private property between its seizure and a ruling against the government in a civil forfeiture action is not a taking of property for which a claimant is

entitled to just compensation. *United States v. One (1) 1979 Cadillac Coupe De Ville VIN 6d4799266999,* 833 F.2d 994, 1000 (Fed.Cir. 1987). In *One (1) 1979 Cadillac,* government agents arrested the claimant for conspiracy to distribute cocaine and seized claimant's automobile, which they contended had been used to facilitate the drug violation. *Id.* at 995. Following a plea agreement in which claimant pled guilty to other drug charges, the government initiated a civil forfeiture proceeding against claimant's automobile pursuant to 21 U.S.C. § 881(a)(4). *Id.* at 995–96. The District Court for the Eastern District of Kentucky found probable cause supporting the government's initial seizure of the property, but a jury subsequently determined that the automobile was not used to facilitate a drug transaction. *Id.* at 996. The district court then ordered the government to return the vehicle to the claimant and to pay the plaintiff an amount equal to the decrease in the value of the property between the time of its seizure and its value on the date of the court's ruling. *Id.*

In reversing the district court, the Federal Circuit ruled that the government's possession of property between its seizure and the jury's verdict was not a taking of property for which a claimant is entitled to just compensation. *Id.* at 1000. The court explained that the purpose of the initial seizure of the property is to allow the government to assert *in rem* jurisdiction over the property in order to conduct forfeiture proceedings, thereby fostering the public interest in preventing continued illicit use of the property and in enforcing criminal sanctions. *Id.* (citing *Calero–Toledo v. Pearson Yacht Leasing Co.,* 416 U.S. 663, 679, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974)). The court concluded that the "fact that the jury ultimately found that the vehicle had not been used to facilitate a narcotics transaction did not make the government seizure and possession of the vehicle until the forfeiture proceeding was completed any less proper, or convert that seizure into a taking." *Id.*

The circumstances of the present case are similar in part to those in *One (1) 1979 Cadillac.* Here, defendant initiated the *in rem* civil forfeiture action against Parcel E after plaintiff pled guilty to the underlying drug charges. The district court determined that probable cause existed to support defendant's initial seizure of Parcel E and issued a warrant authorizing the action. On October 29, 1993, the district court ruled that no interest in Parcel E was subject to forfeiture. Thus, under *One (1) 1979 Cadillac,* defendant's possession of Parcel E from its seizure on January 20, 1988, to the finding that it was not subject to forfeiture on October 29, 1993, did not constitute a taking of property for which plaintiff is entitled to just compensation. The issue then becomes whether defendant's decision to maintain the *lis pendens* on Parcel E after the October 29, 1993 ruling and until December 1, 1999, constituted a compensable taking. The court finds that it does not.

The court need not decide whether the holding in *One (1) 1979 Cadillac* applies to circumstances where a court rules that seized property is not subject to forfeiture, but the government maintains a *lis pendens* on the property because the ruling did not constitute a final judgment in the *in rem* civil forfeiture action. This is so because plaintiff's takings claim is flawed necessitating its dismissal.

■ First, plaintiff asserts that defendant's refusal to allow plaintiff to develop Parcel E's oil and gas reserves pending a final judgment in the *in rem* forfeiture action contradicted an executive order of its own department. Plaintiff also asserts the executive order conferred an implied authority on the government to take such action as may have been necessary to adequately protect itself from loss by reason of drainage from surrounding wells. Plaintiff further asserts that defendant's refusal violated its duty under the retroactive application of the Due Process Clause of the Fifth Amendment to produce and maintain income of seized property. To state a takings claim, however, a plaintiff must concede the lawfulness of the actions of the government that resulted in the alleged taking. *See Florida Rock Indust., Inc. v. United States,* 791 F.2d 893, 898 (Fed.Cir.1986)("Tucker Act suit in the Claims Court is not . . . available to recover damages for unauthorized acts of government offi-

cials."); *Crocker v. United States,* 37 Fed.Cl. 191, 195 (1997)("*Crocker I* ")("[t]o state a takings claim in this court . . . the plaintiff must concede the lawfulness of the actions of the Government that resulted in the alleged 'taking.' "); *Alde, S.A. v. United States,* 28 Fed. Cl. 26, 33 (1993)("[b]ecause a taking can only occur when the Government acts lawfully, alleging that property was taken unlawfully eliminates the foundation of a takings claim."). Here, plaintiff asserts that the continued seizure was "unlawful" and defendant was without authority to refuse plaintiff's requests to develop Parcel E's oil and gas reserves, and was otherwise required to take steps to prevent the reserves from being drained while in defendant's possession. This allegation places the claim outside a takings context. *Crocker I,* 37 Fed.Cl. at 196 (the "allegation must not be that the Government's conduct in and of itself violated law, but that the effect of a valid exercise of sovereign authority resulted in the taking of private property for public use, but without payment."). *See also 767 Third Ave. Assoc. v. United States,* 48 F.3d 1575, 1579 n. 3 (Fed.Cir.1995)("[w]hen analyzing takings actions under the Tucker Act, the [court] must assume that the government's actions are a proper exercise of statutory or regulatory authority.").

▮ Second, to properly state a takings claim a plaintiff must demonstrate that the government took its property for a public use. *Adams v. United States,* 391 F.3d 1212, 1218 (Fed.Cir.2004)("[a] claimant under the Takings Clause must show that the government, by some specific action, took a private property interest for a public use without just compensation."). In this case, defendant did not take possession of Parcel E pursuant to its power of eminent domain in order to convert the property to public use, but rather acted pursuant to its authority under 21 U.S.C. § 881 in order to punish violations of the Controlled Substances Act and to prevent further illicit use of the property. Defendant's action, therefore, does not constitute a taking of property for a public use. *See Alde, S.A.,* 28 Fed.Cl. at 34 ("[t]here is a difference between government action that constitutes an exercise of the police power and action that constitutes a compensable

taking. If the Government acts to secure a benefit for the public, a taking arises. Government action taken to prevent harm to the public is [a non-compensable] exercise of the police power.").

▮ Finally, after the district court's ruling that Parcel E was not subject to forfeiture, plaintiff filed a motion on October 19, 1995 to have the *lis pendens* removed from the property. The district court denied plaintiff's motion on June 22, 1996, pending the final determination of that case. Plaintiff filed a second motion on November 16, 1999 to have the *lis pendens* removed and included a damages claim for lost profits. The district court dismissed this motion on December 10, 1999 for lack of jurisdiction to make any determination on the merits because the case was then on appeal to the Sixth Circuit. It is well settled that the "Court of Federal Claims cannot entertain a takings claim that requires the court to 'scrutinize the actions' of another tribunal." *Vereda, Ltda. v. United States,* 271 F.3d 1367, 1375 (Fed.Cir.2001). *See also Boise Cascade Corp. v. United States,* 296 F.3d 1339, 1344 (Fed.Cir.2002). In order for this court to establish jurisdiction over plaintiff's takings claim, it would be forced to scrutinize the district court's conclusion that the maintenance of the *lis pendens* on Parcel E pending a final determination in the case was proper. This court does not have the power to make such determinations. For this reason, and the reasons stated *supra,* plaintiff's takings claim must be dismissed for failure to state a claim upon which relief can be granted and lack of subject matter jurisdiction.

### III. Illegal Exaction Claim

▮ An "illegal exaction" involves money that was "improperly paid, exacted, or taken from the claimant in contravention of the Constitution, a statute, or a regulation." *Norman v. United States,* 429 F.3d 1081, 1095 (Fed.Cir.2005). An illegal exaction involves a deprivation of property without due process of law, in violation of the Due Process Clause of the Fifth Amendment to the Constitution. *See, e.g., Casa de Cambio Comdiv S.A., de C.V. v. United States,* 291

F.3d 1356, 1363 (Fed.Cir.2002). The Court of Federal Claims ordinarily lacks jurisdiction over due process claims under the Tucker Act, 28 U.S.C. § 1491, *see Murray v. United States,* 817 F.2d 1580, 1583 (Fed.Cir. 1987), but has been held to have jurisdiction over illegal exaction claims "when the exaction is based upon an asserted statutory power." *Aerolineas Argentinas v. United States,* 77 F.3d 1564, 1573 (Fed.Cir.1996). Further, a claimant must demonstrate that the statute or provision causing the exaction itself provides, either expressly or by necessary implication, that the remedy for its violation entails a return of money unlawfully exacted. *Cyprus Amax Coal Co. v. United States,* 205 F.3d 1369, 1373 (Fed.Cir.2000)(concluding that the Tucker Act provided jurisdiction over an illegal exaction claim based upon the Export Clause of the United States Constitution).

In this case, plaintiff claims that the drainage of Parcel E's oil and gas reserves constituted an illegal exaction because (1) defendant's maintenance of the *lis pendens* on the property after the district court's ruling that the property was not subject to forfeiture was a due process violation as expressed in *United States v. James Daniel Good Real Property,* 510 U.S. 43, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993); and (2) defendant's refusal to allow development of the property's oil and gas reserves was in violation of an agency regulation granting defendant authority to take measures to prevent such drainage from occurring. In its motion to dismiss, defendant asserts that plaintiff's illegal exaction claim is untimely because it was filed beyond the six-year statute of limitations prescribed in 28 U.S.C. § 2501. The court finds it unnecessary to resolve the issue of when plaintiff's illegal exaction claim accrued as plaintiff has not stated a claim over which this court may exercise jurisdiction.

■ The Court of Federal Claims does not have jurisdiction over illegal exaction claims arising from civil forfeiture proceedings initiated pursuant to 21 U.S.C. § 881. *Crocker v. United States,* 125 F.3d 1475, 1476–77 (Fed. Cir.1997) (*"Crocker II"*). Citing 28 U.S.C. § 1355(a), the Federal Circuit in *Crocker II* held that Congress "unambiguously" allocated to the district courts, and not the Court of Federal Claims, jurisdiction to recover exactions illegally imposed by federal officials under the Controlled Substances Act. *Id.* For this reason, plaintiff's illegal exaction claim must be dismissed for lack of jurisdiction.

## IV. Money–Mandating Provision

Plaintiff asserts that jurisdiction in this court may be founded upon a money-mandating provision of the Constitution and/or an agency executive order. Specifically, plaintiff asserts that (1) defendant had a duty and obligation under the retroactive application of the Due Process Clause of the Fifth Amendment of the United States Constitution to produce and maintain income of seized property; and (2) defendant in cases where lands were being drained through gas drilling operations on adjoining privately-owned lands, had an implied authority to take such action as may have been necessary to adequately protect itself from loss by reason of drainage. In its motion to dismiss, defendant asserts that these claims are due process claims over which the Court of Federal Claims does not have jurisdiction. The court agrees with defendant for the reasons set forth below.

■ Plaintiff first asserts that a source of substantive law that can fairly be interpreted as mandating compensation by the federal government for the damages sustained is the Supreme Court's holding in *United States v. James Daniel Good Real Property.* In that case, the Supreme Court held that the Due Process Clause of the Fifth Amendment requires that absent exigent circumstances the government must provide notice and an opportunity to be heard before seizing real property subject to civil forfeiture. *United States v. Real Property Located at 1184 Drycreek Road, Granville, Ohio 43023,* 174 F.3d 720, 727 (6th Cir.1999). Plaintiff interprets *James Daniel Good* as requiring the government to pay damages where there has been an illegal seizure of property. Assuming that defendant's seizure of Parcel E was illegal under *James Daniel Good,* it is because defendant's conduct constituted a due process violation. Due process violations do not give rise to the right to money damages

in the Court of Federal Claims. *Crocker I,* 37 Fed.Cl. at 194–95 ("[i]t is settled that the remedy for violations of the Due Process Clause of the Fifth Amendment ... is not the payment of money damages."). *See also, LeBlanc v. United States,* 50 F.3d 1025, 1028 (Fed.Cir.1995); *Inupiat Community of the Arctic Slope v. United States,* 230 Ct.Cl. 647, 680 F.2d 122, 132 (1982). *James Daniel Good* therefore does not create Tucker Act jurisdiction in the Court of Federal Claims.

Next, plaintiff asserts that jurisdiction in this court may be founded upon a money-mandating Department of Justice executive order. Specifically, plaintiff argues that defendant contradicted an Attorney General's Opinion which grants authority to defendant to take such action as may be necessary to adequately protect itself from loss by reason of drainage. *See* 40 Op. Atty. Gen. 41. The Opinion to which plaintiff cites states that "[w]here oil is being drained from land not subject to the Mineral Leasing Act there is implied authority in the head of the department or agency having jurisdiction to take protective measures, including the making of necessary contracts." *Id.* For an executive order to create Tucker Act jurisdiction it must be "reasonably amenable" to the reading that it mandates a right of recovery in damages, and while the premise to a Tucker Act claim will not be lightly inferred, a "fair inference" will do. *Fisher v. United States,* 402 F.3d 1167, 1173–74 (Fed.Cir.2005)(citing *United States v. White Mountain Apache Tribe,* 537 U.S. 465, 472–73, 123 S.Ct. 1126, 155 L.Ed.2d 40 (2003)).

In this case, the Attorney General's Opinion relied upon by plaintiff does not mandate a right of recovery of damages. First, a plain reading of the Opinion reveals that the described authority is discretionary and does not mandate that government officials take any action at all. An executive order meant to define the authority of government officials to act in specific circumstances cannot be said to require the payment of money damages where the government official chooses not to exercise the stated authority. In order for a law that is discretionary in nature to support a claim in the Court of Federal Claims it must: (1)

provide clear standards for paying money to recipients; (2) state the precise amounts that must be paid; or (3) compel payment on satisfaction of certain conditions. *Samish Indian Nation v. United States,* 419 F.3d 1355, 1364 (Fed.Cir.2005). Those criteria are not present here as the Opinion does not mention money damages, obligations owed to other parties, or any consequences in general from choosing not to assert the described authority. Thus, the executive order relied upon by plaintiff is not money-mandating, and therefore, does not create Tucker Act jurisdiction in this Court.

### CONCLUSION

For the reasons stated, the Court concludes that defendant's motion to dismiss for failure to state a claim and lack of subject matter jurisdiction is GRANTED. The Clerk shall dismiss the complaint.