Richard WALLACH, Appellant,

v.

CITY OF PAGEDALE, MISSOURI et al.,
Appellees.

No. 18078.

United States Court of Appeals
Eighth Circuit.

April 1, 1966.

Richard Wallach, pro se.

Lon Hocker, of Hocker, Goodwin & MacGreevy and Henry S. Stolar, St. Louis, Mo., for appellee Globe-Democrat Pub. Co.

Before VAN OOSTERHOUT and MEHAFFY, Circuit Judges, and HARPER, District Judge.

PER CURIAM.

Plaintiff, Richard Wallach, brought an individual action against the City of Pagedale, Missouri, its mayor, collector-marshal, building commissioner, city clerk, an alderman, and the Globe-Democrat Publishing Company. The District Court granted defendants' motion to dismiss the complaint for failure to comply with Fed.R.Civ.P. 8(a).[1] We affirm.

There is no doubt that the complaint does not comply with Rule 8(a) as it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint is confusing, ambiguous, redundant, vague, and, in some respects, unintelligible. It is also highly argumentative. It is more in the form of a brief and is replete with citations of authorities and quotations of extracts from opinions and texts, and, in one instance, from a speech by the late Mr. Justice Holmes.

■ Since plaintiff pleads *pro se*, we construe his pleadings with the utmost liberality and without regard for technicalities. Even so, defendants are entitled to know the extent of the claim against them as well as its precise nature. United States v. Classified Parking System, 213 F.2d 631 (5th Cir. 1954).

Also, plaintiff has not furnished a record in compliance with the court rules, but we have overlooked this and have carefully scrutinized the original files of the District Court. We are convinced that even if the District Court had not dismissed the complaint for noncompliance with Fed.R.Civ.P. 8(a), it would have been compelled to dismiss for failure to state a cause of action against any of the defendants within the jurisdiction of the federal court.

The crux of plaintiff's complaint seems to be that defendants conspired against him to destroy his credit and means of livelihood by refusing to permit the Richard Wallach Metals and Supply Company, a Missouri corporation, to operate a scrap iron business at 6820 Easton Avenue, Pagedale, Missouri.

Plaintiff asserts that his business is interstate in nature and that the municipality only has authority to license those operations which are "appropriate to local concern"; that his livelihood was impaired by the arrest of an employee for traffic violation, thus interfering with an interstate shipment; and that while plaintiff was on the witness stand in the Pagedale police court, the police judge, who is not a defendant, allegedly suggested that plaintiff pay $2,000.00 for a four-year license to operate and upon such payment the charges of operating without a license would be dropped. Also, because he was unable to pay, plaintiff was sentenced to serve ninety days and pay a fine of $100.00. It is asserted that this action carried the conspiracy into effect as it restricted plaintiff's ability to borrow money and was done with intent to drive him from Pagedale, and to destroy his business at 6820 Easton Avenue.

The complaint against the Globe-Democrat Publishing Company is based upon publication of the city's action in denying plaintiff a license to operate

1. Rule 8(a): "A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded."

some five weeks before plaintiff himself was notified of said rejection.

From all the pleadings we glean that plaintiff is attempting to bring a civil rights action under 42 U.S.C.A. §§ 1983 and 1985.

■ The salient allegations mentioned above lead us to conclude that the pleadings, even given the most liberal construction, do not state a cause of action against any of the defendants within the jurisdiction of the federal court.

■ The complaint does not state a cause of action against the city because a municipality is not within the purview of 42 U.S.C.A. § 1983. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Sires v. Cole, 320 F.2d 877 (9th Cir. 1963); Spampinato v. City of New York, 311 F.2d 439 (2nd Cir. 1962), cert. denied, 372 U.S. 980, 83 S.Ct. 1115, 10 L.Ed.2d 144 (1963).

Neither is a cause of action stated against Globe-Democrat Publishing Company as there is no allegation that the Publishing Company did anything other than publish some decision of a municipal board before plaintiff was officially notified of the decision. If the Publishing Company committed any libel, the federal court is without jurisdiction as no diversity of citizenship exists.

■ The remaining defendants, officers of the defendant municipality, were merely enforcing a zoning ordinance which plaintiff thinks should not apply to his business because his scrap metal operations involved interstate commerce. Engagement in business involving interstate commerce does not excuse noncompliance with valid zoning ordinances. Our recent opinion in Mosher v. Bierne, 357 F.2d 638 (March 24, 1966), demonstrates that no civil rights action exists by reason of the enforcement of a lawful ordinance.

In addition, we mention that plaintiff brought this suit individually, while the corporation is the entity denied license to operate the business at the Easton Avenue address.

The judgment of the District Court is affirmed without prejudice to plaintiff's rights, if any, to institute any proper action.