**Richard WALLACH, pro se, Layman and American Citizen, Plaintiff,**

v.

**CITY OF PAGEDALE, MISSOURI et al., Defendants.**

No. 66 C 239(2).

United States District Court
E. D. Missouri, E. D.

Jan. 18, 1967.

Richard Wallach, pro se.

Paul J. Boll, Strubinger, Wion & Burke, St. Louis, Mo., for defendants.

## MEMORANDUM

MEREDITH, District Judge.

This matter is pending on the motion of defendants to dismiss. If any complaint deserves dismissal under Rule 8 (a), F.R.Civ.P., this is it. However, the plaintiff is pleading pro se. While we strongly suggest to him that his many efforts in this Court might be more successful with professionally drafted pleadings, we will attempt to decipher his complaint. It is addressed to the City of Pagedale, Missouri, and its clerk, marshal, prosecutor, ex-building commissioner, and ex-mayor-police judge. It seeks damages for wrongs allegedly done to plaintiff which resulted in the loss of his junk business located in Pagedale. Jurisdiction is claimed by virtue of 28 U.S.C. § 1331, 28 U.S.C. § 1343(3), and Constitutional provisions, including the fourteenth amendment.

There are three main points in plaintiff's complaint. It is charged that the defendants enacted zoning ordinances which were unconstitutional and maliciously directed toward the destruction of plaintiff's business. Secondly, plaintiff alleges that he was denied a license to operate because of an arbitrary determination that his business was in violation of zoning laws, and he thinks the interstate nature of his business should make local licensing statutes inapplicable to it. Lastly, in regard to the enforcement of the Pagedale licensing laws, he alleges that he was fined and sentenced to jail in Pagedale Police Court without any notice whatsoever in violation of the constitutional requirements for due process of law. Plaintiff asserts, in pleadings apart from his complaint that his conviction for operating without a salvage yard license violates the notice and warrant requirements of Pagedale Ordinance No. 31 and is pending on appeal in the St. Louis County Circuit Court.

Plaintiff's rambling charges of unconstitutional ordinances seem to be no more than that—rambling charges. No concrete fact basis is alleged. We agree with the decision of Judge Regan in a prior and almost identical Wallach action, No. 66 C 238(3), that the mere assertion of invalidity is not sufficient to obtain federal non-diversity jurisdiction. No civil rights cause of action such as plaintiff brings under 28 U.S.C. § 1343 can exist by reason of the enforcement of a lawfully enacted zoning ordinance. A similar complaint was dismissed by Judge Harper in another of Mr. Wallach's cases, D.C., 41 F.R.D. 547. See Wallach v. City of Pagedale, Missouri, 359 F.2d 57 (8 Cir. 1966); Mosher v. Bierne, 357 F.2d 638 (8 Cir. 1966).

In Wallach v. City of Pagedale, Missouri, supra, plaintiff had alleged a conspiracy among Pagedale officials to deny him a license. He had also asserted the interstate commerce argument. The Court of Appeals there affirmed this Court's dismissal, stating that the complaint failed to state a claim within the jurisdiction of the federal courts. We feel that this ruling is applicable to the case at bar, where plaintiff is now claiming without sufficient factual support that Pagedale officials acted arbitrarily.

In regard to plaintiff's conviction in Pagedale Police Court, the only effective relief this Court could give would necessarily be of an equitable nature, by injunction or declaratory judgment. But it is axiomatic that a federal district court will not use equitable means to interfere with criminal proceedings pending in a state court unless the damage threatened to plaintiff is great, irreparable, and imminent. After examining the many cases on this point, we find no such threatened damage in the matter at bar. Douglas v. City of Jeannette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324 (1943); Whisler v. City of West Plains, Mo., 137 F.2d 938 (8 Cir. 1943); Outdoor American Corporation v. City of Philadelphia, 333 F.2d 963 (3 Cir. 1964).

Plaintiff's complaint has not stated a claim upon which relief can be granted within the jurisdiction of this Court, and the defendant's motion to dismiss will accordingly be granted.