**Richard WALLACH, Appellant,**

v.

**CITY OF PAGEDALE et al., Appellees.**

**No. 18580.**

United States Court of Appeals
Eighth Circuit.

May 9, 1967.

11. He said: "Wait a God damn minute."

12. Sheppard v. Southern Ry. Co., 258 F. Supp. 217, 222 (1966).

13. Oklahoma Conditions ¶ 5, supra.

See also 264 F.Supp. 271.

Richard Wallach, Wellston, Mo., made argument pro se and filed brief pro se.

Paul J. Boll, St. Louis, Mo., for appellee and filed typewritten brief.

Before VAN OOSTERHOUT, MATTHES and LAY, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

The trial court dismissed this action commenced by plaintiff Wallach which asserted jurisdiction in the federal court under 28 U.S.C.A. § 1331 (federal question) and 28 U.S.C.A. § 1343 (violation of civil rights.) Diversity jurisdiction is not asserted and does not exist. The basic grievances asserted here are the same as those urged in Wallach v. City of Pagedale, 8 Cir., 359 F.2d 57, and are asserted damages flowing from alleged violation by defendants of plaintiff's constitutional rights.

Defendants moved for dismissal of the action on the following grounds:

"(a) That the claim asserted against the defendants is not a claim upon which relief can be granted; and

"(b) That this Court has no jurisdiction over the subject matter of the claim presented between the plaintiffs and the defendants.

"(c) That the petition of plaintiff fails to comply with Rule 8, Federal Rules of Civil Procedure in that the averments therein are not *simple, concise* or *direct*, in respect to jurisdiction, facts or relief and is so vague, ambiguous, rambling and full of irrelevant averments that these defendants cannot be reasonably required to frame a responsive pleading thereto."

The motion to dismiss was sustained. The case was dismissed without prejudice for want of jurisdiction. Plaintiff has appealed from such dismissal.

The trial court cited our former opinion in Wallach v. City of Pagedale, supra. We there stated:

"There is no doubt that the complaint does not comply with Rule 8 (a) as it does not contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'

The complaint is confusing, ambiguous, redundant, vague, and, in some respects, unintelligible. It is also highly argumentative." 359 F.2d 57, 58.

We went on to state that the pleadings, even if given a liberal interpretation, do not state a cause of action against the defendants within the jurisdiction of the federal court, setting forth the basis for such conclusion and supporting authorities. The complaint now before us is much more extensive than the former complaint but in our view it is in greater violation of Rule 8 than the complaint previously considered.

Plaintiff in his present voluminous, repetitious, confusing and argumentative complaint asserts that he acquired real estate in an unincorporated area in St. Louis County which was zoned as heavy industrial property upon which he was permitted to and did establish a junk yard and automobile wrecking yard in conformity with the St. Louis County zoning ordinance adopted in 1946. It is then asserted that plaintiff's property was maliciously and illegally annexed to the city of Pagedale but no substantial legal grounds are asserted to support the claim of invalid annexation. Plaintiff next asserts in a highly inflammatory manner that numerous zoning and licensing ordinances were passed by the city of Pagedale both before and after the annexation in violation of numerous rights guaranteed plaintiff by the Constitution. Some of such ordinances are cited by number and excerpts of part of the ordinances are set out.

As shown by the complaint, Ordinance No. 88 passed by the city before the annexation provides for the zoning of the city but specifically carries a provision reading:

"The lawful use of land, buildings and structures existing at the time of the adoption of this ordinance may be continued, although such use does not conform to the provisions thereof, but if such non-conforming use is discontinued, any use in the future of such premises shall be in conformity with the provisions of this ordinance."

It would appear from the complaint that Ordinance No. 88 was amended in 1954 to zone the annexed property, including plaintiff's property, with the provisions of Ordinance No. 88 made applicable to the annexed property.

Thus, on their face the ordinances pleaded with respect to zoning appear to protect the rights of nonconforming users and the basis of the asserted invalidity of such ordinances does not reasonably appear in the complaint.

It would seem from the complaint and statements in oral argument that there is a question whether the prior junk yard operation was the plaintiff's own or by a corporation in which he was interested and there is also some intimation that the prior use of the property may have been abandoned.

Plaintiff's principal claims of wrongs committed by the defendants appear to be: (1) His arrest and conviction in the Pagedale police court for operating a junk yard without a license; (2) the city's refusal to permit plaintiff to use his premises for its highest and best use —a junk yard—thereby depriving plaintiff of income needed to pay mortgage indebtedness and the refusal of the city to grant a license to a prospective purchaser which resulted in plaintiff's inability to make an advantageous sale of such property, and his loss of the property through mortgage foreclosure for a sum considerably under its fair value. Plaintiff prays for declaratory judgment and for such further relief as may be just.

It would appear that the claimed grievances arise primarily out of the licensing requirements of the city ordinances.

With respect to the propriety of federal courts interfering with state criminal prosecutions, the rule is stated in Douglas v. City of Jeannette, 319 U.S. 157, 163–164, 63 S.Ct. 877, 881, 87 L.Ed. 1324, as follows:

"Congress, by its legislation, has adopted the policy, with certain well defined statutory exceptions, of leav-

ing generally to the state courts the trial of criminal cases arising under state laws, subject to review by this Court of any federal questions involved. * * *

"It is a familiar rule that courts of equity do not ordinarily restrain criminal prosecutions. No person is immune from prosecution in good faith for his alleged criminal acts. Its imminence, even though alleged to be in violation of constitutional guarantees, is not a ground for equity relief since the lawfulness or constitutionality of the statute or ordinance on which the prosecution is based may be determined as readily in the criminal case as in a suit for an injunction. Davis & Farnum Mfg. Co. v. [City of] Los Angeles, 189 U.S. 207 [23 S.Ct. 498, 47 L.Ed. 778]; Fenner v. Boykin, 271 U.S. 240 [46 S.Ct. 492, 70 L.Ed. 927]. Where the threatened prosecution is by state officers for alleged violations of a state law, the state courts are the final arbiters of its meaning and application, subject only to review by this Court on federal grounds appropriately asserted. Hence the arrest by the federal courts of the processes of the criminal law within the states, and the determination of questions of criminal liability under state law by a federal court of equity, are to be supported only on a showing of danger of irreparable injury 'both great and immediate.' "

See Outdoor American Corp. v. City of Philadelphia, 3 Cir., 333 F.2d 963, 965.

No extraordinary circumstances are alleged in our present case which would warrant a departure from the rule just stated. On oral argument, it developed that plaintiff appealed from his conviction and that such appeal is still pending.

We cannot ascertain from the complaint the precise basis or the legal grounds upon which plaintiff claims that a license was denied to him to operate his junk yard in violation of his constitutional rights. Plaintiff quotes part of Ordinance No. 23 relating to licensing of junk dealers and license fees and then asserts that his business does not fall within any of the categories listed in the ordinance. Later plaintiff refers to Ordinance No. 227 relating to regulating, licensing and license fees for automobile lots, and No. 228 with respect to licensing and license fees for salvage yards, both enacted in 1959. Neither of such ordinances are set out in whole or pertinent part. No ascertainable attack is made on the validity of such ordinances but rather the claim is made that the plaintiff's business does not fit the classifications covered by the ordinances. It would appear that the questions raised primarily relate to the interpretation of the ordinances and that such questions are questions of state law.

Plaintiff does not state what attempt, if any, he made to comply with the licensing ordinances nor make any clearcut allegation that he made any proper application for a license, and if so, that any basis exists for a determination that the city abused its discretion in withholding a license.

■ In Mosher v. Beirne, 8 Cir., 357 F.2d 638, 640–641, we sustained the dismissal of plaintiff's action based on 28 U.S.C.A. § 1343, wherein plaintiff claimed a city improperly refused him a license to operate a public dance. We stated:

"The rights and necessity for restrictions in municipal zoning ordinances have long been sustained. Village of Euclid, Ohio v. Ambler Realty Co., 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303 [54 A.L.R. 1016] (1926). It has also been recognized that the conferring of discretionary power upon administrative boards to grant or withhold permission to carry on a trade or business which is the proper subject of regulation within the police power of the state is not violative of rights secured by the Fourteenth Amendment, People of State of New

York ex rel. Lieberman v. Van De Carr, 199 U.S. 552, 26 S.Ct. 144, 50 L.Ed. 305 (1905); and that ordinances validly prohibiting the operation of certain businesses without first obtaining municipal permission do not deprive one of his property without due process of law nor deny one the equal protection of the law, Fischer v. City of St. Louis, 194 U.S. 361, 24 S.Ct. 673, 48 L.Ed. 1018 (1904)."

In Garfinkle v. Superior Court of New Jersey, 3 Cir., 278 F.2d 674, the court in affirming the dismissal of an action based on violation of federal constitutional rights concluded, "His stated fundamental facts, irrespective of their fantastic nature, certainly do not show clearly and distinctly that this suit is based on a federal question." What was said there is fully applicable here.

■ Federal courts have only that jurisdiction which Congress, acting within the limits of the Constitution, confers upon them.

"The party invoking the district court's original jurisdiction has the duty of affirmatively alleging jurisdiction; and, if his allegations are properly controverted, the burden of establishing jurisdiction. Lack of federal jurisdiction may be raised by motion or in the responsive pleading. And 'whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.'" 1 Moore's Federal Practice 2d Ed., ¶0.60 [4].

See McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135. Federal Rules of Civil Procedure No. 8(a) (1).

■ Defendants have by motion attacked the jurisdiction of the federal court to hear this case. Plaintiff has not by his pleadings or in any other manner met the burden resting upon him to establish federal jurisdiction.

The judgment dismissing the petition without prejudice for the lack of jurisdiction is affirmed.