Pressie HUGHES, Petitioner-Appellant,

v.

DISTRICT ATTORNEY FOR ATLANTA, GEORGIA, COUNTY AT FULTON, and Attorney General for Atlanta, Georgia, Respondents-Appellees.

No. 30505
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 8, 1970.

Rehearing Denied and Rehearing En Banc Denied Jan. 19, 1971.

---

*  Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F. 2d 409, Part I.

Pressie Hughes, pro se.

Lewis R. Slaton, Dist. Atty., Fulton County, Ga., Tony H. Hight, Carter Goode, Arthur K. Bolton, Atty. Gen., Atlanta, Ga., for respondents-appellees.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

Pressie Hughes appeals from the district court's denial of his petition seeking to enjoin the appellees from further attempting to prosecute him on charges of robbery which are pending in the Superior Court of Fulton County, Georgia. We affirm.

The appellant sought injunctive relief below against further prosecution of state charges against him. He alleged that his federally guaranteed constitutional rights had been violated by the state court in the following respects:

(a) an illegal identification confrontation of him in open court by alleged robbery victims;

(b) the refusal of the state to provide him with copies of the indictment;

(c) an arraignment without assistance of counsel. He contends that these deprivations entitle him to a federal injunction against any further prosecution under the pending robbery charges.

The district court declined to grant relief, holding that the appellant should assert defenses based on these allegations in the state court proceedings. Obviously he has presently available state remedies, since he can present these contentions in his state trial court, and thereafter upon direct appeal to the Georgia appellate courts in the event of conviction.

The appellant has not alleged, nor does it otherwise appear, that his state remedies are inadequate to protect his rights. As the Supreme Court held in Douglas v. Jeannette, 1943, 319 U.S. 157, 162, 163, 63 S.Ct. 877, 880, 881, 87 L.Ed. 1324:

"The power reserved to the states under the Constitution to provide for the determination of controversies in their courts may be restricted by federal district courts only in obedience to Congressional legislation in conformity to the Judiciary Article of the Constitution. Congress, by its legislation, has adopted the policy, with certain well defined statutory exceptions, of leaving generally to the state courts the trial of criminal cases arising under state laws, subject to review by this Court of any federal questions involved. Hence, courts of equity in the exercise of their discretionary powers should conform to this policy by refusing to interfere with or embarrass

threatened proceedings in state courts save in those exceptional cases which call for the interposition of a court of equity to prevent irreparable injury which is clear and imminent; and equitable remedies infringing this independence of the states—though they might otherwise be given—should be withheld if sought on slight or inconsequential grounds. [citing cases]."

In Douglas v. Jeannette, the court stated further, 319 U.S. 163, 164, 63 S.Ct. 877, 881, 87 L.Ed. 1324, that "the arrest by the federal courts of the processes of the criminal law within the states, and the determination of questions of criminal liability under state law by a federal court of equity are to be supported only on a showing of danger of irreparable injury 'both great and immediate.'" Accord: Stefanelli v. Minard, 1951, 342 U. S. 117, 72 S.Ct. 118, 96 L.Ed. 138; Wallach v. City of Pagedale, 8 Cir. 1967, 376 F.2d 671; Outdoor American Corp. v. City of Philadelphia, 3 Cir. 1964, 333 F. 2d 963, cert. denied 379 U.S. 903, 85 S.Ct. 192, 13 L.Ed.2d 176. · Cf. Shaw v. Garrison, E.D.La.1968, 293 F.Supp. 937, aff'd 1968, 393 U.S. 220, 89 S.Ct. 453, 21 L.Ed.2d 392.

■ The lower court's denial of injunctive relief was based upon a finding that the appellant had failed to allege facts which would indicate that irreparable injury would result from denial of injunctive relief. We agree.

The judgment below is

Affirmed.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

### PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.