**OLD REPUBLIC INSURANCE COMPANY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**OLD REPUBLIC INSURANCE COMPANY, Plaintiff,**

v.

**AMERICAN AIR PARCEL FORWARDING COMPANY, LTD., Defendant.**

No. 83–10–01525.

United States Court of International Trade.

June 11, 1990.

Wayne Jarvis, Ltd., Wayne Jarvis, Chicago, Ill., for plaintiff.

S. David Harrison, New York City, for defendant.

DiCARLO, Judge:

Old Republic Insurance Co. moves pursuant to Rule 68(a) of the Rules of this Court for attorneys fees and other expenses against American Air Parcel (AAP). AAP cross-moves to dismiss for lack of jurisdiction. Subsequent to filing its motion under Rule 68(a), Old Republic moved pursuant to 28 U.S.C. § 1631 to transfer this action to the United States District Court for the Eastern District of Michigan.

The Court finds that Old Republic has not met its burden of establishing jurisdiction. The motion for attorney's fees and expenses and the motion to transfer are denied. The motion to dismiss is granted.

## BACKGROUND

Old Republic is the surety and American Air Parcel is the principal on seventeen import bonds covering merchandise imported by AAP. AAP had sought protection from its creditors under the bankruptcy laws. *See In re American Air Parcel Forwarding Co.,* No. 3–81–01913 (Bankr.N. D.Cal. Sept. 28, 1981). Shortly thereafter, Customs retroactively reliquidated entries of the merchandise pursuant to Treasury

Ruling CLA–2–CO:R:CV:V 542643 TLL, TAA #40 (Oct. 19, 1981) (unpublished). Old Republic paid the duties required to file a protest and instituted an action contesting the reliquidation and the validity of the ruling.

Old Republic sought the joinder of AAP in order to assert a cross-claim for indemnification. After AAP refused to join the action voluntarily, the court ordered it joined as a party plaintiff. When AAP did not comply with the joinder order, the court involuntarily joined it as a party defendant.

In a separate action, the Federal Circuit reversed the contested Treasury Ruling. *See E.C. McAfee Co. v. United States*, 6 Fed.Cir. (T) 92, 842 F.2d 314 (1988). As a result, Old Republic's action against Customs was settled and dismissed before completion of discovery and Old Republic was reimbursed $497,353.26 in deposited duties. The court then dismissed Old Republic's action for indemnification against AAP.

Old Republic now moves for attorney's fees and other expenses in the amount of $352,150.63 from AAP. Old Republic states no federal-law basis for this claim, but argues that it is supported by general principles of suretyship and indemnification and on an alleged oral agreement that AAP would reimburse it for legal costs incurred in pursuing the action. Old Republic also maintains that AAP is to receive monies from Customs in settlement of other actions following *McAfee*, from which AAP could pay the claimed fees and expenses.

The list of expenses accompanying Old Republic's petition did not include a schedule showing the nature of many of the services rendered, a breakdown of time spent on the action against the government, an explanation of the fees charged for particular services or proceedings, or the hours spent on individual proceedings. The petition only contained invoices billed to Old Republic with a general description of the work done, total hours worked, billing rate, and total sum charged. Most of the time was billed at a flat rate of $200 per hour until September 1987 when the rate increased to $250 per hour. Between 1983, when it commenced the action against the government, and 1988, when the action was settled, a substantial amount of Old Republic's expenses was incurred in its attempt to join AAP as a party to the action or on other motions unrelated to the claim against the government.

During a telephone conference held after submission of the briefs, the Court requested additional briefs on issues which the parties had not addressed or had inadequately addressed. These issues fell generally into four categories: jurisdiction, choice of law, merits of the claim for fees and expenses, and calculation of the quantum of the recovery.

On the question of jurisdiction, the Court directed the parties to address the following questions: (1) whether 19 U.S.C. § 1583 provides a statutory basis for jurisdiction over the claim for fees and expenses as a cross-claim, counterclaim, or third-party action flowing from the underlying indemnification action; (2) assuming the present alignment of the parties prevents bringing an action under 19 U.S.C. § 1583, whether the Court can realign the parties in order to take jurisdiction; and (3) whether the claim for fees and expenses meets the requirements for exercising ancillary or pendent jurisdiction.

The parties concurred that the agreement was made in Illinois, which has other important contacts to the claim. As they had not addressed the issue previously, the Court requested the parties brief the question of the choice of state law to be applied.

Assuming Illinois law applies, the Court expressed doubt that Old Republic was entitled to fees and expenses under the decision of the Illinois Supreme Court in *Kerns v. Engelke*, 76 Ill.2d 154, 28 Ill.Dec. 500, 390 N.E.2d 859 (1979), and the Illinois Court of Appeals in *Montgomery Ward & Co. v. Wetzel*, 98 Ill.App.3d 243, 53 Ill.Dec. 366, 423 N.E.2d 1170 (1981). The Court directed the parties to brief the following questions on the merits of the claim: (1) whether Illinois permits an implied right of recovery for attorneys' fees in the absence of a contract or a statute; (2) whether Illinois permits recovery of attorneys' fees

on the basis of an oral agreement; (3) assuming the enforceability of oral agreements, whether an affidavit submitted by Old Republic adequately establishes the existence of the agreement to pay attorneys' fees.

Regarding the quantum of the claim, the Court asked the parties to brief the following questions: (1) whether the award should be limited to those fees and expenses incurred in prosecuting the action against the government; (2) whether the quantum of the award should also include fees and expenses incurred in the action to join AAP and the action for fees and expenses; (3) whether the claim of $352,150.63 is reasonable given that there was only limited discovery in the action against the government, the action never went to trial, the claim was settled for $497,353.26, and a substantial amount of time was spent in seeking joinder of AAP; (4) whether it was reasonable for Old Republic to continue to incur liability for fees and expenses in the action for indemnification when AAP was bankrupt and the possibility of recovery was negligible; and (5) whether it is reasonable for an individual practitioner to bill at a flat rate of $200 or $250 per hour for work that could be done by a paralegal or less experienced attorney.

The Court followed Old Republic's suggestion to divide the briefing schedule into three parts; first the question of jurisdiction, next the merits and choice of law, and finally the quantum of recovery. Old Republic requested 45 days to submit its first brief. After filing a motion for extension of time to file its jurisdictional brief, Old Republic filed a motion under 28 U.S.C. § 1631 to transfer the action to the United States District Court for the Eastern District of Michigan. In its motion, Old Republic stated that transfer was appropriate in order to have its claim adjudicated by a court of "unquestionable jurisdiction."

During a telephone conference following submission of the motion to transfer, the Court told the parties that 28 U.S.C. § 1631 requires the Court to make a finding that it lacks jurisdiction in order to transfer an action and it would not transfer on the basis of "doubtful" jurisdiction. Notwithstanding the Court's request for further briefing, Old Republic declined to file any additional briefs on the question of jurisdiction. The only additional information it provided was citations to two decisions of the Court of International Trade pertaining to ancillary and pendent jurisdiction.

## DISCUSSION

### I. JURISDICTION

The question presented is whether the Court has jurisdiction over a claim by a surety against its principal for attorneys' fees and expenses incurred by the surety in its action against the government which terminated in a settlement in the surety's favor and in the surety's efforts to join the principal to the main suit.

■ As AAP has challenged jurisdiction, Old Republic has the burden of establishing jurisdiction. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936); *Reynolds v. Army and Air Force Exchange Serv.*, 846 F.2d 746, 748 (Fed.Cir. 1988). Where this burden has not been met, dismissal is appropriate. *Wallach v. City of Pagedale*, 376 F.2d 671, 675 (8th Cir.1967).

#### A. Old Republic's Arguments for Jurisdiction

Old Republic moves pursuant to Rule 68(a) of the Rules of this Court without alleging a statutory basis for jurisdiction. AAP argues that the Court lacks jurisdiction over this claim because it fails to meet the jurisdictional requirements of 28 U.S.C. §§ 1581–84. In reply, Old Republic did not address AAP's contention that there is no statutory basis for jurisdiction. Rather, Old Republic argues that the question of jurisdiction was disposed of by a joinder order issued by the court on April 19, 1985, and states that AAP waived jurisdiction on some counts in its answer to the complaint.

##### 1. *Rule 68(a) of the Rules of this Court*

■ Rule 68(a) of the Rules of this Court provides that the Court of Interna-

tional Trade may award attorneys' fees "where authorized by law." Rule 68(a) does not provide an independent basis of jurisdiction because the jurisdiction of the Court may not be expanded through its rules. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 n. 13, 86 S.Ct. 1130, 1138 n. 13, 16 L.Ed.2d 218 (1966); *United States v. Torch Mfg.*, 62 CCPA 41, 43, C.A.D. 1143, 509 F.2d 1187, 1189 (1975); *Rhone Poulenc v. United States*, 12 CIT ——, 694 F.Supp. 1579, 1581 (1988), *rev'd on other grounds*, 880 F.2d 401 (Fed.Cir.1989).

### 2. *The Joinder Order*

Old Republic argues that the joinder order of April 19, 1985 issued by another judge of the court states that the court has jurisdiction over indemnification claims against AAP and that indemnification includes fees and expenses. Old Republic contends this joinder order is conclusive on the question of jurisdiction and is the law of the case.

 The order states that the joinder of AAP under Rule 19(a) of the Rules of this Court "will not deprive this Court of jurisdiction ... [and] will allow plaintiff Old Republic Insurance Company to assert a claim in the nature of indemnification...." A court cannot confer jurisdiction upon itself where jurisdiction does not otherwise exist. *See Snyder v. Harris*, 394 U.S. 332, 341–42, 89 S.Ct. 1053, 1059–60, 22 L.Ed.2d 319 (1968), *reh'g denied*, 394 U.S. 1025, 89 S.Ct. 1622, 23 L.Ed.2d 50 (1969) (the Constitution vests the power to expand jurisdiction in Congress, not the federal courts). Furthermore, as the order does not mention fees and expenses, the court did not rule on that question. The order only referred to jurisdiction over Old Republic's claim against AAP for indemnification of duties.

### 3. *Waiver of Jurisdiction*

 Old Republic argues that AAP waived jurisdiction on some counts in its answer to the complaint by not responding to paragraph 3 in counts 2–17, which alleged the "Court has ancillary jurisdiction over this action for reimbursement." A

party, however, cannot waive subject-matter jurisdiction. *See Schering Corp. v. United States*, 67 CCPA 83, 88, C.A.D. 1250, 626 F.2d 162, 167 (1980); Rule 12(h)(3) of the Rules of this Court.

### 4. *Ancillary and Pendent Jurisdiction*

The parties did not address whether the Court could exercise ancillary or pendent jurisdiction absent a statutory basis for jurisdiction. Old Republic's only response to the Court's request for briefs on this issue was to cite *United States v. Tabor*, 9 CIT 233, 608 F.Supp. 658 (1985) and *United States v. Gold Mountain Coffee, Ltd.*, 8 CIT 247, 597 F.Supp. 510, *reh'g denied*, 8 CIT 336, 601 F.Supp. 212 (1984). While these cases concern the question of deciding collateral federal claims involving government forfeiture actions where exclusive jurisdiction is in the district courts, *Tabor* and *Gold Mountain Coffee* are the only decisions of the Court of International Trade to discuss ancillary and pendent jurisdiction. Although Old Republic suggests that the Court should follow these decisions, it has not shown that its claim meets any of the criteria they state for determining the appropriateness of adjudicating ancillary and pendent claims.

Ancillary and pendent jurisdiction are closely related concepts. *See Aldinger v. Howard*, 427 U.S. 1, 13, 96 S.Ct. 2413, 2419, 49 L.Ed.2d 276 (1976). Pendent jurisdiction concerns the adjudication of a plaintiff's state claims appended to a federal cause of action. *Owen Equip. and Erection Co. v. Kroger*, 437 U.S. 365, 370, 98 S.Ct. 2396, 2400, 57 L.Ed.2d 274 (1978) (*Kroger*). Ancillary jurisdiction "is generally understood as jurisdiction over those matters that are incidental to the primary claims in a case." *Sederquist v. Court*, 861 F.2d 554, 557 (9th Cir.1988); 13 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure, § 3523, at 82 (1984). It usually "involves claims by a defending party haled into court against his will, or by another person whose rights might be irretrievably lost unless he could assert them in an ongoing action in a federal court." *Kroger*, 437 U.S. at 376, 98 S.Ct. at 2404.

With respect to pendent jurisdiction, the Supreme Court has stated that the

state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is *power* in federal courts to hear the whole.

*United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966) (*Gibbs*). The *Tabor* court noted that the connection between the main proceedings and the pendent claim must be such that the exercise of pendent jurisdiction is necessary "to the just resolution of the main proceeding." *Tabor*, 9 CIT at 237, 608 F.Supp. at 662.

■ As with pendent jurisdiction, the power to exercise ancillary jurisdiction also requires, *inter alia*, a close nexus between the ancillary matter and the primary claim. *Kroger*, 437 U.S. at 376, 98 S.Ct. at 2404. *Gold Mountain Coffee* stated that ancillary jurisdiction should attach when four criteria are satisfied:

(1) the ancillary matter arises from the same transaction that is the basis of the main proceeding, or arises during the course of the main matter, or is an integral part of the main matter; (2) the ancillary matter can be determined without a substantial new fact finding proceeding; (3) determination of the ancillary matter will not deprive a party of a substantial procedural or substantive right; and (4) the ancillary matter must be resolved to protect the integrity of the main proceeding or to insure that disposition of the main proceeding will not be frustrated.

*Gold Mountain Coffee*, 8 CIT at 249, 597 F.Supp. at 514 (citing *Morrow v. District of Columbia*, 417 F.2d 728, 740 (D.C.Cir. 1969)).

■ Old Republic's motion for fees and expenses raises questions of fact not involved in the underlying claim, which pertain to the existence of an oral agreement between Old Republic and AAP to pay attorneys' fees and the quantum of an award. Considering that the Court conducted no fact-finding proceeding in the claim against the government, resolution of these additional questions would require an extensive new fact-finding proceeding.

Furthermore, the claim for fees and expenses is not necessary for the just resolution of the main proceedings against the government, or to preserve their integrity, or ensure that their disposition is not frustrated. Those proceedings have already been settled and dismissed prior to the completion of discovery and a trial. It may be appropriate under these circumstances, for the court to dismiss any ancillary and pendent claims. *See, e.g., Gibbs*, 383 U.S. at 726, 86 S.Ct. at 1139 (if the federal claims are dismissed before trial, the state claims should also be dismissed); *American Nat'l Bank and Trust Co. of Chicago v. Bailey*, 750 F.2d 577, 581 (7th Cir.1984), *cert. denied sub nom. Chicago Inv. Corp. v. American Nat'l Bank & Trust Co. of Chicago*, 471 U.S. 1100, 105 S.Ct. 2324, 85 L.Ed.2d 842 (1985); *Waste Systems, Inc. v. Clean Land Air Water Corp.*, 683 F.2d 927, 931 (5th Cir.1982); *Federman v. Empire Fire & Marine Ins. Co.*, 597 F.2d 798, 811 (2d Cir.1979). *But see Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1204 n. 2 (5th Cir.1975) (jurisdiction over an ancillary claim is not lost when the principal claim has been settled or dismissed on its merits); *Pennsylvania R.R. Co. v. Erie Ave. Warehouse Co.*, 302 F.2d 843, 846 (3d Cir.1962).

It is also uncertain whether there is a sufficient connection between the main proceedings against the government and Old Republic's claim for fees and expenses which rests in part on an alleged oral agreement between itself and AAP. According to Old Republic, AAP would be liable whether or not Old Republic had won its action against the government. *See Kroger*, 437 U.S. at 376, 98 S.Ct. at 2404 (since third-party's tort liability did not depend on liability of defendant in the main federal claim, the tort claim was not ancillary to main proceedings).

■ As doctrines of discretion, pendent and ancillary jurisdiction need not be exercised in every case where the trial court finds it has the power to do so. *Gibbs*, 383 U.S. at 726, 86 S.Ct. at 2404; *Giardono v. Jones*, 867 F.2d 409, 414 (7th Cir.1989); *Birmingham Fire Ins. Co. of Pa. v. Winegardner and Hammons, Inc.*, 714 F.2d 548, 550–51 (5th Cir.1983); *Blake v. Pallan*, 554 F.2d 947, 958 (9th Cir.1977). It may be appropriate for this Court to take ancillary or pendent jurisdiction over a motion for attorney's fees based on state-law. Here, however, Old Republic has made little effort to show that this Court should exercise ancillary or pendent jurisdiction over its claim. Accordingly, in the exercise of its discretion and on the record in this case, the Court declines to take ancillary or pendent jurisdiction over this claim.

### B. The Court's Statutory Jurisdiction

■ The jurisdiction of the Court of International Trade is set forth in 28 U.S.C. §§ 1581–84. There is no jurisdiction over Old Republic's claim under sections 1581–82, which apply only when the government is a party, or under section 1584, which governs enforcement of sanctions for violating administrative protective orders under the United States/Canada Free Trade Agreement. The remaining section, 28 U.S.C. § 1583, provides:

> In any civil action in the Court of International Trade, the court shall have exclusive jurisdiction to render judgment upon any counterclaim, cross-claim, or third-party action of any party, if (1) such claim or action involves the imported merchandise that is the subject matter of such civil action, or (2) such claim or action is to recover upon a bond or customs duties relating to such merchandise.

28 U.S.C. § 1583 (1988).

AAP first raised the issue of jurisdiction under section 1583 when it argued in its brief that the provision is inapplicable because Old Republic's claim for fees and expenses is unrelated to the merchandise, and is not to recover on a bond or customs duties. AAP also asserted that, because of the alignment of the parties, Old Republic's claim is not a cross-claim, counterclaim, or third-party action. During the first telephone conference, the Court asked the parties whether it could realign AAP to permit Old Republic to assert a cross-claim under the provision.

Old Republic has not addressed AAP's contentions or the Court's questions although it was given ample opportunity to do so. While jurisdiction under 28 U.S.C. § 1583 may be appropriate in similar actions for fees and expenses, Old Republic has not alleged jurisdiction under this provision. Therefore, the Court will not address the issue.

The Court finds that Old Republic has not met its burden of establishing jurisdiction and that dismissal is appropriate.

## II. MOTION TO TRANSFER

Section 1631 of Title 28 governs transfer for lack of jurisdiction. It provides in pertinent part:

> Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed....

28 U.S.C. § 1631 (1988).

■ Old Republic has not complied with the Court's request that it respond to AAP's arguments contesting jurisdiction and brief the jurisdictional questions raised by the Court. Although Old Republic has failed to meet its burden of establishing jurisdiction, the Court has not ruled that it lacks jurisdiction over this type of claim for fees and expenses. Since Old Republic may institute an action in district court or state court, denial of the motion to transfer will not deprive it of a forum. Under these circumstances, the Court finds that transfer of this action is not in the interest of justice and the motion is, accordingly, denied.

## CONCLUSION

The Court finds that on the record and pleadings in this case, Old Republic has not met its burden to establish jurisdiction and that dismissal is appropriate. The Court is also of the opinion that transfer of this action under 28 U.S.C. § 1631 is not in the interest of justice. The Court dismisses this action and denies Old Republic's motion to transfer.