**Elza R. EARNEST, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 94–1019T.**

United States Court of Federal Claims.

May 2, 1995.[1]

---

1. Reissued for publication with minor editorial changes at defendant's request, on April 27, 1995.

Elza R. Earnest, pro se.

Robert Stoddart, U.S. Dept. of Justice, Washington, DC, for defendant.

### *Order*

DIANE GILBERT WEINSTEIN, Judge.

Defendant has moved to dismiss the complaint for lack of jurisdiction. Plaintiff, who is proceeding *in propria persona,* opposes the motion, and argues in the alternative that the action should be transferred to a district court. After briefing and oral argument, defendant's motion to dismiss is granted, and plaintiff's motion to transfer is denied.

Plaintiff Elza Earnest last filed an income tax return for the year 1986. App. 42–43.[2]

2. "Comp." refers to the second amended complaint. "App." refers to appendix B to the motion to dismiss.

On June 28, 1989, the Internal Revenue Service (IRS) disallowed an investment tax credit and depreciation deduction taken in that return, increased plaintiff's self-employment tax to reflect the increase in his income, and consequently assessed a deficiency, of $1,548. App. 5–10. Plaintiff did not pay the deficiency or file an appeal of the deficiency assessment with the Tax Court. *See* App. 4. On September 16, 1993, the IRS filed a notice of lien in Lafayette Parish, Louisiana, where plaintiff resides. App. 59. The IRS filed a levy notice with the Air Force Finance Center (plaintiff is retired from the Air Force, Comp. ¶3) on November 16, 1993. Comp. ¶5; App. 19.

On February 5, 1994, plaintiff sent a letter to the Commissioner of Internal Revenue arguing that the levy was improper because he had "withdraw[n]" from the United States, as evidenced by his "Declaration of Independence" published in a local newspaper in February 1993, App. 55, and therefore was not subject to United States income tax. App. 47–50. The final paragraph states,

> You, as Commissioner of Internal Revenue Service, are responsible for the removal of the unlawful levy against my retired pay. *Any* unauthorized withholding of monies from my pay will result in immediate suit against you in a court of law, for the violation of my natural and lawful rights, under Title 42, USC.

App. 50.

A levy notice was filed with the Defense Finance and Accounting Service Center in March 1994. Comp. ¶5; App. 19. Garnishment from plaintiff's military retirement benefits began on April 1, 1994. Comp. ¶6. On April 25, 1994, plaintiff wrote to the IRS's Memphis office, arguing that it lacked legal authority to collect taxes; complaining of "fraud and extortion"; and reiterating that plaintiff did not consider himself subject to federal income tax. App. 56–58. "With the above and foregoing in mind I am placing a demand upon you, the Internal Revenue Service, to remove the lien, levy, and *all* taxation of my military retired pay by June 1st, 1994, at which time, without this removal, I will take this matter directly into the Court of

Federal Claims for settlement thereof." App. 58.

In July 1994, the IRS filed the levy notice in a pending state court action brought by plaintiff against a third party; plaintiff alleges that, in order to prevent the IRS from seizing the proceeds, he settled the case for $3,388.55 less than he would have recovered at trial. Comp. ¶¶5, 12–14.

On September 19, 1994, plaintiff wrote to the IRS agent who signed the lien and levy notices, requesting certain records pertaining to his case, and giving her sixty days "to remove any and all unlawful liens/levies against me and my property, or I will move this into the proper courts." App. 61.

The deficiency has not yet been paid in full. App. 4; *see* Comp. ¶6.

Plaintiff filed suit on November 21, 1994. The complaint alleges that the lien and levies are improper and fraudulent because plaintiff is not subject to federal income tax (counts 1 and 4), and that the lien and levy notices, and the filing of the lien notice in state court, deprived him of property without due process of law (counts 2, 3, and 5). He seeks the amounts withheld from his retirement benefits, the damages that he allegedly had to forgo in the state court action, and $10,000 "punitive damages for his pain and suffering."

Defendant has moved to dismiss for lack of jurisdiction, on the grounds that (1) the Due Process Clause is not money-mandating; (2) the IRS's allegedly unlawful actions do not constitute a taking, but a tort; (3) plaintiff's tax protester arguments also sound in tort; (4) plaintiff has not paid the entire deficiency, as required before filing suit in this court; (5) plaintiff has not filed a proper refund claim; (6) quiet title actions challenging tax liens and levies must be brought in district court; and (7) damages claims for unauthorized tax collection actions must be brought in district court.

Counts 1 and 4 must be dismissed, for an assessed deficiency must be paid in full before a refund action may be brought in this court. *Shore v. United States,* 9 F.3d 1524, 1526 (Fed.Cir.1993) (citing *Flora v. United States,* 362 U.S. 145, 150, 80 S.Ct.

630, 633, 4 L.Ed.2d 623 (1960)). In addition, no suit for recovery of taxes alleged to have been erroneously or illegally assessed or collected may be filed "until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." 26 U.S.C. § 7422(a). The regulations provide, "The claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof. The statement ... must be verified by a written declaration that it is made under the penalties of perjury." Treas.Reg. § 301.6402–2(b)(1).

■■■ Even assuming that plaintiff's letters to the IRS claimed a refund and sufficiently stated the basis for such a claim, the letters were not signed under penalty of perjury, and were not submitted on the correct form, see Treas.Reg. §§ 301.6402–2(c), 301.6402.3(a)(2). The IRS is entitled to insist upon compliance with these requirements. Angelus Milling Co. v. Commissioner, 325 U.S. 293, 296, 65 S.Ct. 1162, 1164, 89 L.Ed. 1619 (1945). The letters are also inadequate because they do not set forth the amount plaintiff sought to recover. Snead v. Elmore, 59 F.2d 312, 314 (5th Cir.1932).

■■■ Counts 2, 3, and 5 also must be dismissed, for the Due Process Clause does not mandate the payment of money for its violation, and therefore does not support jurisdiction in this court. Murray v. United States, 817 F.2d 1580, 1583 (Fed.Cir.1987). Nor would the court have jurisdiction if the claims were restated to assert a Fifth Amendment taking. "[W]here, as in this case, a taxpayer disputes an IRS levy on his property, the appropriate course of action is a direct challenge of the levy, not the prosecution of a fifth amendment claim." Castillo Morales v. United States, 19 Cl.Ct. 342, 345 (1990) (citing Bull v. United States, 295 U.S. 247, 259, 55 S.Ct. 695, 699, 79 L.Ed. 1421 (1935); United States v. Pittman, 449 F.2d 623, 626 (7th Cir.1971)).

■■■ Moreover, if, as plaintiff argues, the IRS acted improperly, then no taking can

have occurred, for takings result only from authorized acts of government officials. Tabb Lakes, Ltd. v. United States, 10 F.3d 796, 802–03 (Fed.Cir.1993); Florida Rock Indus. v. United States, 791 F.2d 893, 898–99 (Fed.Cir.1986), cert. denied, 479 U.S. 1053, 107 S.Ct. 926, 93 L.Ed.2d 978 (1987). Claims based on unauthorized acts (wrongdoing) by government officials sound in tort. Smithson v. United States, 847 F.2d 791, 794 (Fed. Cir.1988), cert. denied, 488 U.S. 1004, 109 S.Ct. 782, 102 L.Ed.2d 774 (1989).

■■■ Plaintiff contended during oral argument that the court had jurisdiction on a contract theory, in that defendant's withholding of income tax from plaintiff's retirement benefits breached his contract with the Air Force. However, the benefits owing to a military service member are governed by statutes and regulations, and not by general principles of contract law. See United States v. Larionoff, 431 U.S. 864, 869, 97 S.Ct. 2150, 2154, 53 L.Ed.2d 48 (1977); Bell v. United States, 366 U.S. 393, 401, 81 S.Ct. 1230, 1235, 6 L.Ed.2d 365 (1961). Federal benefits are subject to the Internal Revenue Code unless specifically exempted. See, e.g., Bruinooge v. United States, 550 F.2d 624, 626, 213 Ct.Cl. 26 (1977).

### Transfer

Plaintiff requests that if the court lacks jurisdiction, the action be transferred to the United States District Court for the Western District of Louisiana pursuant to 28 U.S.C. § 1631, which provides, "Whenever a [federal] court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."

Counts 1 and 4 may not be transferred under this section, however, because the district court would lack jurisdiction over them for the same reasons, see supra, that this court lacks jurisdiction. Clark v. Busey, 959 F.2d 808, 812 (9th Cir.1992); City of Virginia Beach, Va. v. Roanoke River Basin Ass'n, 776 F.2d 484, 489 (4th Cir.1985).

■■■ Transfer of counts 2, 3, and 5, on the other hand, would not be in the interest of

justice, for a transfer is not necessary to advance the interests of justice when the plaintiff may refile the complaint in the district court without penalty (and he has raised no other grounds—*e.g.*, increased cost—for finding such transfer in the interest of justice). *Bedoni v. Navajo–Hopi Indian Relocation Comm'n*, 854 F.2d 321, 326 (9th Cir. 1988) (citing *McKeel v. Islamic Republic of Iran*, 722 F.2d 582, 591 (9th Cir.1983), *cert. denied*, 469 U.S. 880, 105 S.Ct. 243, 83 L.Ed.2d 182 (1984)); *Old Republic Ins. Co. v. United States*, 14 C.I.T. 377, 741 F.Supp. 1570, 1576 (1990).

If the action were to be brought in the district court under the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, the six-year limitations period of 28 U.S.C. § 2401(a) would apply, *Village of Elk Grove Village v. Evans*, 997 F.2d 328, 331 (7th Cir.1993) (citing cases), and time remains to file suit.

Nor does the two-year period for filing a Federal Tort Claims Act administrative claim, *see* 28 U.S.C. § 2401(b), beginning at the time of the allegedly wrongful levy, appear to have run. Indeed, plaintiff stated at oral argument that he has recently filed such a claim.

■■■■■ If plaintiff were to file a *Bivens* action against the individual IRS agents, Louisiana's one-year limitations period would apply, *Gaspard v. United States*, 713 F.2d 1097, 1103 n. 11 (5th Cir.1983), *cert. denied*, 466 U.S. 975, 104 S.Ct. 2354, 80 L.Ed.2d 826 (1984); *Alford v. United States*, 693 F.2d 498, 499 (5th Cir.1982), and, depending on when the claim accrued, the action either was time-barred when plaintiff filed suit here; would have been timely when plaintiff filed suit here, but is now time-barred; or is still timely. This does not affect the court's decision not to transfer this action, for a *Bivens* claim against individual officers is not the same claim as this action against the United States, *see, e.g., Weisgal v. Smith*, 774 F.2d 1277, 1278–79 (4th Cir.1985) (amendment to add FTCA claim did not relate back to filing of *Bivens* claim), and therefore cannot be transferred by this court pursuant to 28 U.S.C. § 1631.

For the reasons stated above, and as the court indicated from the bench, defendant's motion to dismiss is granted, and plaintiff's motion to transfer is denied. The Clerk is ordered to dismiss the complaint.