T.C. Memo. 2000-61


UNITED STATES TAX COURT


EDGAR & DORIS BROWN, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8538-98.              Filed February 28, 2000.


Edgar Brown and Doris Brown, pro sese.

Charles Pillitteri, for respondent.


MEMORANDUM OPINION


THORNTON, Judge:  Respondent issued a final determination denying petitioners' claim for abatement of interest pursuant to section 6404(e).[1]  Petitioners timely filed a petition pursuant

_____

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

to section 6404(g) and Rule 280.[2]  The sole issue for decision is whether respondent's denial of petitioners' request to abate interest was an abuse of discretion.

Background

The parties have stipulated some of the facts, which are incorporated in our findings by this reference.  When they petitioned this Court, petitioners resided in Lucedale, Mississippi.

Petitioners timely filed joint Federal income tax returns for taxable years 1989 and 1990.  On June 6, 1991, respondent's examining agent mailed petitioners a letter informing them that their 1989 return had been selected for examination.  During the examination, the examining agent solicited petitioners' consent to extend the period of limitations to assess tax with respect to taxable year 1989, and they agreed.

On November 18, 1992, respondent mailed petitioners a 30-day letter, proposing deficiencies of $14,088 and $14,417, and accuracy-related penalties of $2,818 and $2,883, for taxable years 1989 and 1990, respectively.  On December 10, 1992, petitioners responded by filing a protest, requesting consideration of their case by respondent's Appeals Office.  By

---

[2] Sec. 6404(g) was redesignated sec. 6404(i) by the Internal Revenue Service Restructuring & Reform Act of 1998, Pub. L. 105-206, secs. 3305(a), 3309(a), 112 Stat. 743, 745, with respect to taxable years beginning after Dec. 31, 1997.

letter dated January 20, 1993, respondent advised petitioners that their case was being forwarded to respondent's Appeals Office for consideration.

On February 22, 1993, petitioners' case was received in the Birmingham, Alabama, Appeals Office and assigned to Appeals officer Dennis Smith, who worked out of respondent's Jackson, Mississippi, suboffice. Shortly thereafter, Smith mailed petitioners two letters advising them that the case had been referred to the Appeals Office and requesting they schedule an appointment. On April 21, 1993, Smith met with petitioner wife as scheduled. On November 12, 1993, Smith mailed petitioners a letter asking their consent to extend indefinitely the period of limitations to assess tax with respect to both taxable years 1989 and 1990. On November 20, 1993, petitioners executed a Form 872-A, Special Consent to Extend the Time to Assess Tax. On November 30, 1993, Smith mailed petitioners a letter transmitting a copy of the executed Form 872-A.

On June 23, 1994, after attempting unsuccessfully to settle the case, respondent mailed petitioners a notice of deficiency from the Birmingham Appeals Office. In the notice, respondent determined that petitioners were liable for deficiencies of $14,088 and $16,610, and accuracy-related penalties of $2,818 and $3,322, for taxable years 1989 and 1990, respectively. The notice was sent by certified mail to petitioners' last known

address.  Petitioners, however, never actually received the notice.  On August 1, 1994, the notice of deficiency was returned to the Birmingham Appeals Office.  The envelope containing the notice had been stamped with a notation indicating that it was returned to sender because it was "unclaimed".

The 90-day period for filing a Tax Court petition with respect to petitioners' notice of deficiency expired on September 21, 1994, without petitioners' having filed a Tax Court petition.  On November 2, 1994, the deficiencies and accuracy-related penalties determined by respondent, as well as interest accrued thereon, were assessed.  Also on November 2, 1994, respondent mailed petitioners a separate Notice of Tax Due on Federal Tax Return for each of the taxable years 1989 and 1990. On November 10, 1994, respondent's Memphis Service Center received from petitioners copies of these notices, each bearing petitioner husband's handwritten notation, "I don't agree with this finding and am appealing it to tax court."

Respondent's Memphis Service Center mailed petitioners subsequent notices, culminating in the issuance of notices of intent to levy dated May 8, 1995.  By letter dated May 10, 1995, petitioners responded that they were still seeking to appeal their case, but had learned that it would be necessary to file a court petition.

On May 29, 1997, respondent received $11,622 pursuant to a notice of levy on petitioners' bank account. This amount was applied to petitioners' balance due for taxable year 1989. On June 3, 1997, petitioners paid in full the balances due for taxable years 1989 and 1990, including interest of $14,687 for 1989 and $13,483 for 1990.

On June 21, 1997, petitioners filed Form 843, Claim for Refund and Request for Abatement, for taxable years 1989 and 1990. Petitioners requested abatement of interest in the amounts of $10,038 for taxable year 1989 and $11,039 for taxable year 1990. On July 7, 1997, petitioners also filed Forms 843 requesting refunds approximating the total tax, penalties, and interest assessed for taxable years 1989 and 1990.

On April 13, 1998, respondent issued a notice of final determination disallowing petitioners' June 21, 1997, claim for abatement of interest. On August 26, 1998, respondent issued a notice disallowing petitioners' July 7, 1997, claims for refunds.

Discussion

In seeking abatement of respondent's assessment of interest, petitioners have alleged that respondent erred in the determination, assessment, and collection of their Federal income taxes, and that they were improperly denied their right to petition this Court to review respondent's deficiency

determination because they never received their statutory notice of deficiency.

We construe petitioners' claim for interest abatement as arising under section 6404(e)(1), which authorizes the Treasury Secretary to abate interest on any deficiency or payment of income, gift, estate, and certain excise taxes to the extent that any error or delay in payment is attributable to any error or delay by an officer or employee of the Internal Revenue Service acting in his or her official capacity and performing a ministerial act. Such an error or delay in performing a ministerial act is taken into account only if it is in no significant aspect attributable to the taxpayer and only if it occurs after the IRS has contacted the taxpayer in writing regarding the deficiency or payment.[3]

---

[3] Sec. 6404(e) provides:

Abatement of Interest Attributable to Errors and Delays by Internal Revenue Service.--

(1) In general.--In the case of any assessment of interest on-

(A) any deficiency attributable in whole or in part to any error or delay by an officer or employee of the Internal Revenue Service (acting in his official capacity) in performing a ministerial act, or

(B) any payment of any tax described in section 6212(a) to the extent that any error or delay in such payment is attributable to such officer or employee being erroneous or
(continued...)

The temporary regulations define "ministerial act" as:

> a procedural or mechanical act that does not involve
> the exercise of judgment or discretion, and that occurs
> during the processing of a taxpayer's case after all
> prerequisites to the act, such as conferences and
> review by supervisors, have taken place.* * * [Sec.
> 301.6404-2T(b)(1), Temporary Proced. & Admin. Regs., 52
> Fed. Reg. 30163 (Aug. 13, 1987).]

Section 6404(e) is not intended to be "used routinely to avoid payment of interest", but rather is to be "utilized in instances where failure to abate interest would be widely perceived as grossly unfair."  H. Rept. 99-426 (1985), 1986-3 C.B. (Vol. 2) 844; S. Rept. 99-313 (1985), 1986-3 C.B. (Vol. 3) 208.

For interest abatement claims made after July 30, 1996, the Tax Court has jurisdiction to determine whether the

---

[3](...continued)

> dilatory in performing a ministerial act,

> the Secretary may abate the assessment of all or
> any part of such interest for any period.  For
> purposes of the preceding sentence, an error or
> delay shall be taken into account only if no
> significant aspect of such error or delay can be
> attributed to the taxpayer involved, and after the
> Internal Revenue Service has contacted the
> taxpayer in writing with respect to such
> deficiency or payment.

In 1996, sec. 6404(e) was amended to permit abatement of interest for "unreasonable" error or delay resulting from the performance of ministerial or "managerial" acts.  Taxpayer Bill of Rights 2, Pub. L. 104-168, sec. 301(a)(1) and (2), 110 Stat. 1452, 1457 (1996).  The amended provision applies to tax years beginning after July 30, 1996.  See id., sec. 301(c). Therefore, the amendment is inapplicable to the instant case.

Commissioner's failure to abate interest under section 6404 was an abuse of discretion.  See sec. 6404(g)(1); Woodral v. Commissioner, 112 T.C. 19, 23 (1999).  Section 6404 does not authorize the Treasury Secretary to abate assessments of taxes and does not confer jurisdiction on this Court to review the denial of such requests.

Petitioners cannot point to, nor does the record credibly suggest, any erroneous or dilatory performance of a ministerial act by an officer or employee of the Commissioner that contributed to a delay or error in the payment of the interest which has accrued on petitioners' outstanding tax liabilities. Cf. Douponce v. Commissioner, T.C. Memo. 1999-398.

Petitioners argue generally that respondent's agent improperly performed the examination of their tax returns, that respondent's determinations in the statutory notice were improper, and that the Appeals officer gave inadequate consideration to their protest.  The actions of respondent's agent and Appeals officer in applying Federal tax law to petitioners' facts and circumstances required the exercise of discretion and judgment.  A decision concerning the proper application of Federal tax law is not a ministerial act, see sec. 301.6404-2T(b)(1), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 310163 (Aug. 13, 1987), and hence cannot provide a basis for abating interest under section 6404(e).

Petitioners also suggest that respondent's error or delay caused them not to receive their notice of deficiency and thus to be denied their right to petition this Court regarding respondent's determination of their tax liability. We do not believe, however, that the interest which petitioners seek to have abated was attributable to ministerial errors or delays in respondent's processing their unclaimed statutory notice. It is undisputed that the notice of deficiency was mailed to petitioners' last known address. Respondent was under no statutory obligation to remail a notice of deficiency that had been properly mailed to a taxpayer and returned unclaimed. See King v. Commissioner, 857 F.2d 676, 681 (9th Cir. 1988), affg. 88 T.C. 1042 (1987); Monge v. Commissioner, 93 T.C. 22, 33 (1989).

As in effect when the notice of deficiency was issued in this case, the Internal Revenue Manual directs that an unclaimed notice of deficiency should be returned to the Appeals officer and states that "if the appeals officer wishes" and there is enough time remaining before the period of limitations runs, the Appeals officer may direct additional checks of respondent's computer files to verify the taxpayer's last known address. 8 Appeals, Internal Revenue Manual (CCH), sec. 363(2), at 8114-20. The Internal Revenue Manual states:

> If, after checking all possible sources, another address
> cannot be found, and the appeals officer determines that

the notice was sent to the last known address, he/she should initial the statutory notice and no further action need be taken to try to deliver the notice. [Id.]

Because further action with regard to the unclaimed statutory notice was left to the Appeals officer's discretion and judgment, his inaction in this regard did not constitute error or delay in performing a ministerial act for purposes of applying section 6404(e).

Petitioners further suggest that after their taxes were assessed by default on November 2, 1994, they were led to believe that the notice of deficiency would be forthcoming or reissued, at which time they could contest the deficiency in the Tax Court, or that respondent intended to take other action in response to their protest.  Again, however, the record does not credibly suggest any basis for concluding that petitioners' delay in paying the assessed taxes after receiving the notice of tax due on November 2, 1994, was attributable to ministerial errors or delays by respondent's officers or employees.

Accordingly, we conclude that respondent's failure to abate petitioners' interest under section 6404 was not an abuse of discretion.

To reflect the foregoing,

Decision will be entered

for respondent.