**Edgar BROWN and Doris Brown, Plaintiffs–Appellants,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 01–5129.

United States Court of Appeals, Federal Circuit.

Feb. 5, 2002.

---

Before MICHEL, LOURIE, and GAJARSA, Circuit Judges.

PER CURIAM.

Mr. and Mrs. Edgar and Doris Elizabeth Brown appeal a final decision of the United States Court of Federal Claims, in which the Court of Federal Claims granted the United States' motion for summary judgment denying the Browns' claim for the refund of taxes and penalties and dismissing the Browns' damages claim for lack of subject matter jurisdiction. *Brown v. United States*, No. 99–293 T, 2001 WL 721827 (Fed.Cl. June 5, 2001) (*"Order"*). Because the Court of Federal Claims did not have jurisdiction over the Browns' damages claim and because the Browns have not shown that the Court of Federal Claims erred with respect to their tax refund claim, we *affirm*.

## BACKGROUND

The Browns reported income and expenses during 1989 and 1990 on Schedule C ("Profit and Loss from Business") of their timely filed tax returns for Mr. Brown's activities as minister of a church and running a logging business. In 1991, the Internal Revenue Service ("IRS") audited the Browns' returns for the two prior years. In 1992, the IRS notified the Browns that it was assessing deficiencies and accuracy-related penalties. The problems related to: (i) the lack of documentation supporting some deductions; (ii) questions of entitlement to deductions taken; and (iii) whether some deductions associated with Mr. Brown's activities as a minister belonged on Schedule A as employee business deductions.

On November 18, 1992, the IRS mailed the Browns a letter proposing deficiencies of $14,088 and $14,417 and accuracy-related penalties of $2,818 and $2,883 for taxable years 1989 and 1990, respectively. The letter required the Browns to respond

within thirty days. On December 10, 1992, the Browns responded by filing a protest, requesting consideration of their case by the IRS. The IRS Appeals Office in Birmingham, Alabama was assigned the case and processed it during 1993, which included a meeting with Mrs. Brown on April 21, 1993. The Appeals Office, after concluding that settlement would be unattainable, mailed the Browns a notice of deficiency on June 23, 1994, from the Birmingham office, by certified mail, to the Browns' last known address.[1] The letter triggered a ninety-day period for the Browns to file a petition for review in the Tax Court, see I.R.C. § 6213(a), which period ended on September 21, 1994. The notice of deficiency was returned to the Appeals Office on August 1, 1994, with the envelope containing a notation that it was "unclaimed." Unfortunately, no further communication occurred between the parties prior to the ninety-day deadline, resulting in the Browns losing the right to petition the Tax Court over the notice of deficiency. See Brown v. Comm'r, 79 T.C.M. 1561 (2000) (denying the Browns' claim for abatement of interest, discussed below, but not exercising jurisdiction over the notice of deficiency because the petition was not filed within the ninety-day period).

In November 1994, the IRS assessed the amounts due from the Browns, including additional amounts for interest accrued, and sent notices to the Browns accordingly. Payment was not forthcoming and the Browns indicated their intention to appeal. Eventually, the IRS levied on the Browns' bank account on May 29, 1997. On June 3, 1997, the Browns paid in full the balances due for taxable years 1989 and 1990, in-

cluding interest of $14,687 for 1989 and $13,483 for 1990. Then the Browns' filed a claim for refund and request for abatement of interest.[2] The IRS disallowed both claims, and the Browns timely appealed to the Tax Court, which heard the sole issue of whether the IRS's decision to deny abatement of interest was an abuse of discretion. Id. The Tax Court found no such abuse because there was "no erroneous or dilatory performance of a ministerial act by an officer or employee of the [IRS] that contributed to a delay or error in the payment of the interest which has accrued on petitioners' outstanding tax liabilities." Id. (citing Douponce v. Comm'r, T.C. Memo 1999–398). With respect to the returned notice of deficiency, the Tax Court noted that the IRS "was under no statutory obligation to remail a notice of deficiency that had been properly mailed to a taxpayer and returned unclaimed," id. (citations omitted), and that further action by the IRS with respect to the notice of deficiency was at the discretion of the appeals officer, but that in any event any inaction was not error or delay for purposes of determining abatement of interest. The Browns did not appeal the decision of the Tax Court, and consideration of that decision is not a part of our analysis herein.

In evaluating the Browns' July 7, 1997, claim for refund, the IRS requested the Browns to produce documents substantiating their refund claims. The Browns replied that all relevant documents had been destroyed in a 1994 house fire. The appeals officer noted that in the original audit the examiner estimated deductions for various items where records were ab-

---

1. In filing this appeal, the Browns listed their mailing address as being in Mississippi.

2. The Browns requested abatement of interest in the amounts of $10,038 for taxable year 1989 and $11,039 for taxable year 1990. The

Browns filed the claim for abatement of interest on July 21, 1997. The Browns filed the claim for refund for both tax years on July 7, 1997.

sent or inadequate. On May 11, 1999, the Browns filed suit in the Court of Federal Claims seeking a total refund for the two tax years of $74,384, plus interest, and seeking damages in the amount of two million dollars for physical, mental, and financial harm caused by the IRS' incorrect audit, denial of their rights to appeal to the Tax Court, and harassment.

At the Court of Federal Claims, the trial judge held a conference with the parties on March 16, 2000, in which he explained that the Browns bore the burden of justifying the deductions taken for the two tax years in question. Upon hearing the Browns explanation that all relevant records were destroyed by fire, the trial judge suggested to the Browns that they use outside sources, such as banks, insurance companies, etc., to reconstruct the records. The Court of Federal Claims also required the IRS to prepare a detailed memorandum for the Court of Federal Claims and the Browns summarizing the IRS' actions and including copies of the Browns' tax returns as well as the IRS audit work papers. The IRS provided the memorandum in June 2000. On May 3, 2001, the Court of Federal Claims convened a second status conference, where Mrs. Brown acknowledged receiving the memorandum but stated that she did not have it with her. The Court of Federal Claims noted that the memorandum showed that, well before the fire, documentation was lacking to support deductions. On June 5, 2001, the Court of Federal Claims granted the IRS' motion for summary judgment as to both claims. *See Order* at 2–3. The Browns timely appealed to this Court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3) (2000).

## DISCUSSION

### A. Tax Refund Claim

We review a grant of summary judgment by the Court of Federal Claims *de novo*. *Grasser Chair Co., Inc. v. Infanti Chair Mfg. Corp.* 60 F.3d 770, 773 (Fed. Cir.1995). Summary judgment is appropriate when the moving party demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). On summary judgment, the evidence must be viewed in the light most favorable to the party opposing the motion, *Poller v. Columbia Broad. Sys., Inc.,* 368 U.S. 464, 473, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962), with doubts resolved in favor of the nonmovant, *Cantor v. Detroit Edison Co.,* 428 U.S. 579, 96 S.Ct. 3110, 49 L.Ed.2d 1141 (1976). The movant can discharge its burden by showing that the nonmoving party failed to establish some element of its claim. *Celotex,* 477 U.S. at 322–23, 106 S.Ct. 2548. Once the moving party has satisfied its initial burden, the opposing party must establish a genuine issue of material fact and cannot rest on mere allegations, but must present actual evidence. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Issues of fact are genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. A disputed fact is material if it might affect the outcome of the suit such that a finding of that fact is necessary and relevant to the proceeding. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505.

The Browns claim that the IRS erred in the original audit of tax years 1989 and 1990, asserting that the examiner improperly estimated deductions when the Browns were unable to produce documentation to substantiate the deductions taken. The Supreme Court has said that deductions are a matter of legislative grace, and

that taxpayers bear the burden of proving that they are entitled to the deductions they claim. *See INDOPCO, Inc. v. Comm'r,* 503 U.S. 79, 84, 112 S.Ct. 1039, 117 L.Ed.2d 226 (1992). IRS regulations require taxpayers to keep records to support the deductions they claim. When the IRS assesses a deficiency, its determination is presumptively correct and the taxpayer bears the burden of showing that it is wrong. *Welch v. Helvering,* 290 U.S. 111, 115, 54 S.Ct. 8, 78 L.Ed. 212 (1933). The Court of Federal Claims gave the Browns ample opportunity to demonstrate why the IRS was wrong when it assessed the deficiency. While the Browns may be in a difficult position because their records have been allegedly lost in an accidental fire, the Court of Federal Claims noted that there are other ways to reconstruct lost records, and, moreover, that even before the fire, the Browns' documentation supporting the deductions was lacking. Thus, the IRS has met its burden showing that the Browns failed to meet an element of their claim, namely producing evidence to substantiate the deductions. Because the Browns failed to produce such supporting evidence to defeat the IRS' summary judgment motion, the Court of Federal Claims did not err in granting that motion.

### B. Damages Claim

 We review *de novo* the Court of Federal Claims' dismissal of the Browns' damages claim for lack of subject matter jurisdiction. *See Massie v. United States,* 166 F.3d 1184, 1187 (Fed.Cir.1999). As the plaintiff, the Browns have the burden to show that the Court of Federal Claims has jurisdiction. *See Rocovich v. United States,* 933 F.2d 991, 993 (Fed.Cir.1991). Where the United States has not consented to suit against it, dismissal is required. *See Reliance Ins. Co. v. United States,* 931 F.2d 863 (Fed.Cir.1991).

 The Browns' claim is best characterized as sounding in tort because the Browns allege that through harassment, pressure, and fear instilled by the IRS, the Browns incurred physical, emotional, and financial injuries. However, the Court of Federal Claims lacks jurisdiction over tort claims. *See Brown v. United States,* 105 F.3d 621, 623 (Fed.Cir.1997); *Wood v. United States,* 961 F.2d 195, 197 (Fed.Cir. 1992). The Court of Federal Claims also lacks jurisdiction to adjudicate claims for monetary damages arising out of IRS employees allegedly improperly discharging their duties. 28 U.S.C. § 1491(a); *Keene Corp. v. United States,* 508 U.S. 200, 214, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993); *Brown,* 105 F.3d at 623. We further note that the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680 ("FTCA"), and I.R.C. § 7433, both indicate that the Court of Federal Claims is not the court of proper jurisdiction for the Browns' claims.

 In addition, to the extent the Browns' raise due process claims by their assertion that they were denied their right to seek review of these claims in the Tax Court, such due process concerns also fall outside the jurisdiction of the Court of Federal Claims because a Fifth Amendment due process violation does not create an independent cause of action for money damages. *Murray v. United States,* 817 F.2d 1580, 1583 (Fed.Cir.1987). In sum, for the above stated reasons, the Court of Federal Claims correctly held that it does not have subject matter jurisdiction over the Browns' damages claim.

### CONCLUSION

We conclude that the Court of Federal Claims did not err in granting summary judgment against the Browns on their tax refund claim, and did not err in dismissing for lack of subject matter jurisdiction the

Browns' damages claim. We therefore affirm.